# CASES DETERMINED

## IN THE

# SUPREME COURT OF ARKANSAS

---

UNITED STATES FIDELITY & CASUALTY COMPANY *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

## Opinion delivered June 24, 1918.

1. ACTIONS—ABATEMENT AND REVIVOR.—There is no abatement of an action which is revived in the name of the successor or representative of the deceased party; the revivor operates as a continuation of the original action.

2. COST BOND—NON-RESIDENT PLAINTIFF—DEATH AND REVIVOR—CONTINUING LIABILITY OF THE SURETY.—Kirby's Digest, § 959, which requires the giving of a cost bond by a non-resident plaintiff, requires a bond for a continuing liability throughout an action, and extends to costs which accrue after the death of the original plaintiff and the revivor of the action in the name of the personal representatives of the deceased plaintiff.

Appeal from Crawford Circuit Court; *Jas. Cochran,* Judge; affirmed.

*W. M. Hall* and *Robert A. Rowe,* for appellant.

The surety was not liable for costs accrued after the death of Miller. Kirby & Castle's Digest, § 7740; Kirby's Digest, § 6298; Kirby & Castle's Digest, § 7738.; 1 C. J. 215; 31 Ark. 643; 15 C. J. 74; 1 Root (Conn.) 259; 9 Conn. 235; 2 N. H. 552; 23 A. & E. Ann. Cas. 1037; 110 Ark. 317; 3 *Id.* 136; 11 *Id.* 675; 1 Hill (S. C.) 41; 115 Mass. 26; 79 Fed. 408; L. R. A. (N. S.) 1917-B 990.

*Thos. B. Pryor,* for appellee.

The surety was liable on the bond for costs. The bond remained in full force until the case was finally

disposed of. Kirby's Digest, § 6298; Kirby & Castle's Digest, § 7738; 7 Ark. 149; 3 *Id*. 136; 11 *Id*. 675, 685; 29 Kan. 487; Kirby & Castle's Digest, § 7810.

McCULLOCH, C. J.   Adam Miller instituted ten separate actions at law against the St. Louis, Iron Mountain & Southern. Railway Company in the circuit court of Crawford County to recover for damages to certain consignments of peaches.   Miller was not a resident of the State, and gave bond for costs with appellants, United States Fidelity & Guaranty Company, as surety, in compliance with the statute, which reads as follows:

"A plaintiff who is a non-resident of this State, or a corporation other than a bank created by the laws of this State, before commencing an action shall file in the clerk's office a bond, with sufficient surety, to be approved by the clerk, for the payment of all costs which may accrue in the action in the court in which it is brought, or in any other to which it may be carried, either to the defendant or to the officers of the courts." Kirby's Digest, § 959.

The bond is worded in the precise language of the statute.   The ten cases were consolidated and tried together, and after appeal to this court and to the Supreme Court of the United States, there was a final judgment against the plaintiff for recovery. of damages, but Miller died before final judgment, and the cause was revived and proceeded to final judgment in the name of a special administrator.   The costs which accrued up to the death of Miller had been paid, but after the final judgment in appellee's favor a judgment was rendered in its favor against the surety on the cost bond for all the costs which accrued after Miller's death.   The present appeal is from that judgment, and the contention is that the sureties on the bond are liable for costs which accrued after Miller's death.

The statute on the subject of revivor of actions provides that upon the death of either the plaintiff or defendant pending the action "it shall be lawful for the court before which suit or suits may be pending, on the

motion of any party interested, to appoint a special administrator, in whose name the cause shall be revived, and said suit or suits shall progress, in all respects, in his name with like effect as if the plaintiff or defendant (as the case may be) had remained in full life." Kirby's Digest, § 6298.

Another section of the statute provides that a special administrator or executor in whose name an action is revived shall not be liable for costs of suit. Kirby's Digest, § 6300.

(1) It will be observed that the statute requiring bond for costs to be given by a non-resident does not in terms exclude liability in any circumstances, but in the broadest terms provides that a bond must be given "for the payment of all costs which may accrue in the action in the court in which it is brought, or in any other to which it may be carried." It provides, we think, for liability which accrues immediately upon the filing of the bond and continues throughout the litigation regardless of the court to which it may be carried. The bond, in other words, creates a continuing liability for the payment of all the costs, and the death of the plaintiff without abatement of the action does not discharge the obligation as to further costs. There is no abatement of an action which is revived in the name of the successor or representative of the deceased party, for the revivor operates as a continuation of the original action. Kirby's Digest, § 6298; *Vandiever* v. *Conditt,* 110 Ark. 311.

(2) The statute requiring bond for costs was a part of the Civil Code of Practice which went into effect in the year 1869, and it should be construed as having been enacted in view of the statute on revivor of actions then in force which provided that a revived action should "progress in all respects" in the name of the party in whose name there is a revivor, and "with like effect as if the plaintiff or defendant (as the case may be) had remained in full life."

In the case of *Fowler & Pike* v. *Scott,* 11 Ark. 675, the question arose as to the liability of a surety on an

injunction bond after the death of the plaintiff, and this court held that the liability of the surety continued and embraced liability for all injury which accrued up to the final dissolution of the injunction. The same principle controls the present case and makes the liability under this statute a continuing one throughout the litigation in which the bond is given. The statute only requires a bond where the plaintiff is a non-resident of the State, but there is no provision for discharge of the liability when plaintiff ceases to be a non-resident or passes out of the action by death.

The cases relied on by counsel for appellants are not, we think, in point. For instance, the case of *Ryan* v. *Williams, Admr.,* 29 Kan. 487, involved the question of liability on a bond for costs given by an administrator pursuant to a rule of court, and the decision turned upon the peculiar language of the bond which provided that the surety obligated himself to pay all costs that might accrue in case the plaintiff be adjudged to pay the same, and the court construed the bond to merely create a liability for costs for which the plaintiff himself was liable. The administrator resigned in that case during its pendency, and the court held that the cost of the action which accrued subsequent to resignation could not be adjudged against the principal on the bond, and for that reason there was no liability on the part of the surety. There is no such restriction in the bond involved in the present case, and the statute, when properly construed, does not provide merely for liability for such costs as the plaintiff himself may be required to pay.

The cases of *Parsons* v. *Williams,* 9 Conn. 236, and *Eaton* v. *Sloan,* 2 N. H. 552, were also on a different form of bond, and for that reason the decisions in those cases have no force in the present controversy.

We are of the opinion that our statute on this subject requires a bond for a continuing liability throughout an action, and extends to costs which accrue after death of the original plaintiff and the revivor of the action

in the name of the personal representative of the deceased plaintiff.

The judgment is, therefore, affirmed.