LITTLE
ROCK,
July, 1838.

BENTLEY
vs.
DICKSON.

BENTLEY, EXTR. OF BENTLEY *against* WILLIAM A. DICKSON.

APPEAL *from Conway Circuit Court.*

An amended declaration filed in the court below without leave either asked or given to amend, is not part of the record, and entitled to no attention; and it will be here presumed that upon demurrer to the declaration, the court below treated the amendment as a nullity, and considered the demurrer as applying to the original declaration.

When a suit is revived in the name of an executor or administrator, the pleadings stand in the same attitude as before the abatement, and only the names of the parties are changed upon the record. It is a legal fiction by which the pleadings, &c. are considered as being in the name of the executor or administrator.

Debt is the proper action on promissory note.

This was an action of debt commenced in the court below by appellant's intestate against the appellees. The declaration was filed to March Term, 1833, and alleged that the defendant had executed his writing obligatory to the plaintiff, for four hundred and five dollars, with a breach that he had "not paid the aforesaid sum of four hundred and five dollars, according to the tenor and effect of said writing obligatory, nor any part thereof, nor the interest thereon, nor any part thereof, though often requested." The defendant appeared, and at the September Term, 1833, the suit abated by the death of the appellant's testator; and after two *sci. fa's* had been sued out by the appellant and returned *non est* as to the appellee, the suit was revived against him at February Term, 1835, and the suit was continued to the next term, on the 17th of March, 1835. On the day after, the following entry was made of record: "This day the plaintiff filed his amended declaration in this cause, and this cause is continued to the next term of this court." This is the only notice taken of the amended declaration, previous to its filing. The amended declaration so placed among the papers, was in the name of the deceased testator, and was otherwise entirely informal and insufficient.

At the two next terms, the cause was continued by consent, and then a term intervened without a court, and at March Term, 1837, the defendant demurred, by consent, "to the plaintiff's declaration," and upon the demurrer judgment was rendered, that "it seems to the "court that the law is for the defendant. Whereupon it is considered "by the court that the plaintiff take nothing by his bill and the de-"fendant go hence without day, and the plaintiff for his false clamor

F

LITTLE
ROCK,
July, 1838.

BENTLEY
vs.
DICKSON.

"be in mercy, &c." From this judgment on the demurrer, the plaintiff below appealed.

TAYLOR and LINTON, for the appellant:

The demurrer was permitted to be filed at the term of the court subsequent to that at which the declaration was filed, which is not allowed by law, and the rules of practice. See *Statute, Digest.*

The original declaration was good: the second was superfluous, or at most but an additional count to the original declaration, and on either ground the demurrer ought to have been overruled. If there be one good count, it is sufficient. *McCamp. Dig.* 332. All matters of form disregarded. *McCamp. Dig.* 344, Sec. 94. Suit was revived and no new pleading was required. *McCamp. Dig.* 326.

FOWLER, TRAPNALL and COCKE, contra:

The amended declaration was throughout in the name of *George Bentley,* who had long been dead.

It is contended by the appellee, that said demurrer was properly filed; and if there could have been otherwise any possible doubt as to its propriety or legality, the consent of the said appellant cures all such objections.

And it is contended that it was properly sustained, because *George Bentley was dead,* and not a party to the action: therefore the declaration was improperly filed in his name. It could only be filed in the name of the plaintiff, who was then *Eli Bentley*—not *George.*

The original declaration was voluntarily abandoned by the plaintiff: therefore, he cannot rely upon it, for any purpose whatever, in sustaining the amended declaration. The original itself is too bad, in addition to this reason, to stand either by itself or otherwise. But he having voluntarily avoided it, it does not now come before this court for consideration.

DICKINSON, *Judge,* delivered the opinion of the court:

This was an action of debt brought by *George Bentley,* in his lifetime, against the defendant, in the Conway Circuit Court, at the March Term, 1838. The suit was revived in the name of *Eli Bentley,* as executor of *George Bentley* deceased. After its revival, it appears from the record that the Executor filed an amended declaration in the name of *George Bentley.*

The defendant also filed a general demurrer, which was sustained

by the court, and judgment entered thereon; from which the plain-
tiff has prosecuted an appeal to this court. The record presents but
one question for our consideration, and the decision upon it necessarily
settles all the points raised under the assignment of error. Was the
judgment upon the demurrer rightfully sustained by the court below?

The counsel of both parties appear to have taken a wrong view of
this case, and occupied a position in their arguments not born out by
the record. It is contended on the part of *Dickson*, that the amended
declaration should have been in the name of the executor, and that
it was to this declaration the demurrer went, while, on the other hand,
the executor insists that the declaration is good in substance, and cor-
rect as to form.

Whether the court below considered the amendment as part of the
pleadings, and the one upon which judgment was given, we are unable
to say, but will presume they did not; for although we find the amend-
ment in the record, and in the name of the deceased after the suit
had been revived by his executor; yet, it never was entitled to any
attention, either in this or the Circuit Court, as it does not appear that
leave had ever been asked or given, to amend.

It is not only evidently absurd, and inconsistent in its terms and
character, but irregularly and improperly filed: it could have no bear-
ing upon the case, and though never actually stricken out, it would
have been improper for the court to have looked into it. Taking the
record, then, as we are bound to do, for our guide to the course pur-
sued by the inferior court, in relation to the points assigned for error,
we will presume that the Circuit Court treated the second declaration
as a nullity; that discretionary power vested in the court as to amend-
ments, never having been exercised in authorizing the plaintiff to
change, alter, or amend his pleadings.

The act of the Legislature passed October 30, 1810, makes it the
duty of executors and administrators to defend and prosecute all suits
that survive to them, and gives them full power for that purpose. See
*Digest.* p. 326. When the suit is revived, all the pleadings stand in
the same attitude, as if they had never been abated by death: the
names only are changed upon the record, and it is a legal fiction by
which the writ, declaration, plea and other proceedings, are all con-
sidered as there standing in the name of the executor or administrator.
This, it is believed, is the universal rule of practice, and in strict
accordance with the principles of right and justice. This case now

LITTLE
ROCK,
July, 1838.

BENTLEY
vs.
DICKSON

under consideration, so far as regards the pleadings, stands in the same position before us as it did before the Circuit Court at the time of its revival, and the declaration subsequently filed, being irrelevant and a mere nullity by reason of its irregularity, the demurrer must go to the declaration filed at the commencement of the suit. And it now remains for us to decide whether that declaration is sufficient to enable the party to recover. The action is in debt, founded on a promissory note for " the sum of four hundred and five dollars, with interest to be computed after the date of ten per centum per annum, from the 8th day of June, 1831, till paid." We have carefully examined the declaration, and the authority having any bearing upon the subject, and can discover no well founded objection to it. The breach, though somewhat improperly set out, is, we think, sufficiently assigned. Debt was the proper action, it being for a sum certain, or which could be reduced to a certainty. The authorities on this point are numerous and conclusive. The objection made by the appellant's counsel, that the demurrer ought to have been filed at the first term, it is unnecessary to consider, as it appears to have been filed by consent of parties, and generally to the declaration.

And throughout the whole record, there is no mention made of the second declaration, except that a copy of it is sent up to us in the record, and that is marked as filed on the 18th of March, 1835. And in the whole course of proceedings, there is no other mention made of it, by either the court or the parties. As, then, the demurrer could only apply to the declaration legally and regularly filed, (which is the first,) and that is deemed good and sufficient, we are consequently brought to the conclusion, that the court below erred in sustaining the demurrer. The judgment must, therefore, be reversed with costs, and the cause remanded to the Circuit Court of Conway, for further proceedings to be had therein, not inconsistent with this opinion.