VANDIEVER *v.* CONDITT.

Opinion delivered December 1, 1913.

1. ATTORNEYS—REVIVOR—AUTHORITY—PRESUMPTION.—One V. was defendant in an action at law, but died before trial; after V.'s death, plaintiff moved to have the cause revived against the widow and adult and minor heirs. The court ordered the cause revived, and the record recited that "that the attorneys for the said V., deceased, hereby enter the appearance of the widow and adult heirs of the said V., deceased." *Held*, the fair and proper inference from the recitals of the record is that the attorneys acted for the widow and adult heirs, and in the absence of a showing to the contrary, their authority will be presumed. (Page 315.)

2. REVIVOR—RIGHT TO OBJECT.—Where a cause is revived under Kirby's Digest, § 6306, by entry of an order and service of summons, if no valid cause is shown against the revivor at the next succeeding term of court, the action *stands revived*, and no further order of court is necessary. (Page 316.)

3. REVIVOR OF ACTIONS—CONSENT OF ADMINISTRATOR AND INFANT HEIRS. —The preliminary order, reviving a cause of action, under Kirby's Digest, § 6306, will not be set aside, merely because the administrator and infant heirs of deceased defendant did not consent to the same. (Page 316.)

4. REVIVOR OF ACTIONS—ORDER OF COURT—SERVICE OF SUMMONS.—Where the court made an order reviving a cause of action under Kirby's Digest, § 6306, summons issued directing the minor heirs of deceased to answer at the next term of court, held sufficient. (Page 316.)

5. REVIVOR OF ACTIONS—VALIDITY OF MOTION.—While it is better practice to present a motion in writing, asking the revivor of a cause of action, a motion made orally will be held sufficient, when the

order of court is entered of record and the parties interested are properly served. (Page 317.)

6. REVIVOR OF ACTIONS—TRIAL—PROCEDURE.—Where the pleadings were made up in a cause of action before the death of defendant, it is not necessary for the guardian of minor heirs of deceased to file an additional answer. In such a case Kirby's Digest, § 6023, does not apply. (Page 317.)

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; affirmed.

*Joseph W. Phillips,* for appellants.

1. A motion to revive an action should be in writing. There was none in this case. Kirby's Dig., § 6085.

2. An order of revivor can not properly be made in less than six months after the appointment of an administrator, except by consent. Kirby's Dig., § 6013; 85 Ark. 157; 103 Ark. 607. In this case there is no evidence of consent of the adult heirs to revive, and the infant heirs could not consent. 39 Ark. 104.

3. It was error to proceed to a trial of the cause before an answer had been filed for the infant defendants. Kirby's Dig., § 6023.

4. The cause should have been dismissed because more than one year elapsed from the time it could have been revived, and no revivor made, except the void order of February 2, 1911. 103 Ark. 608.

5. There was no evidence that the administrator had possession of or had any interest in the lands in controversy. It was, therefore, error to enter judgment against him as administrator.

*Campbell & Suits,* for appellee.

1. The authority of an attorney who assumes to represent a party in court will be presumed. 104 Ark. 1; 84 Ark. 527; 40 Ark. 131; 26 Ark. 17; 25 Ark. 477; 2 Ark. 356; 1 Ark. 99.

2. The cause of action survived and was properly revived. Kirby's Dig., § § 6285, 6298-6317; 39 Ark. 104; *Id.* 235; 41 Ark. 165; *Id.* 315; 46 Ark. 378; 48 Ark. 30; 51 Ark. 82; 69 Ark. 215; 71 Ark. 342; 72 Ark. 514; 76 Ark.

122; 85 Ark. 144; 92 Ark. 101; 93 Ark. 307; 103 Ark. 601; 105 Ark. 222.

McCULLOCH, C. J. Appellee instituted this action at law against J. B. Vandiever to recover possession of a tract of land in Jackson County, and after issue joined by defendant filing an answer and before trial the defendant died intestate. Thereafter appellee suggested to the court the death of said defendant and moved a revivor of the action against appellants, the administrator, widow and children of said intestate, some of whom were adults and others infants. The court made the following order:

"This cause coming on for proceedings upon the regular call of the docket, thereupon came plaintiff by his attorneys, Campbell & Suits, also came the defendant by his attorneys, Gustave Jones and Stuckey & Stuckey, and it is suggested to the court that the defendant, J. B. Vandiever, departed this life in Jackson County, Arkansas, on or about the 31st day of December, 1910, without making any will, and the death of said defendant was in open court admitted; and it further appearing to the court that said defendant left surviving him Sarah Vandiever, of Jackson County, Arkansas, as his widow, and the following named persons as his heirs at law. (Here follows names and relation of parties.)

"It is therefore by the court considered, ordered and adjudged that this cause be and the same is hereby revived in the names of the administrator, the widow and heirs at law of the said J. B. Vandiever, deceased, and proceed against them, and the attorneys for the said J. B. Vandiever, deceased, hereby enter the appearance of the said widow and the adult heirs of the said J. B. Vandiever, deceased, above mentioned, and also consent to this order of revivor; and it is further ordered by the court that the clerk of this court issue summons or other process in due form of law with sufficient number of copies directed to the sheriff of Jackson County for the following named infant heirs at law of the said J. B. Vandiever, deceased, towit: Arthur Vandiever, Jack Van-

diever, Pearly Vandiever, Ada Vandiever, Sam Vandiever and Albert Vandiever and E. V. Holt, administrator, returnable to the next term of this court, and to be by said sheriff of Jackson County served upon said infant defendants and administrator in due manner as prescribed by law, and this cause is hereby continued to the next term of this court.''

After adjournment of the court for the term the clerk issued process, directed to the sheriff of the county, commanding him to summons the six infant heirs of said intestate, naming them, and the administrator, to appear at the next term of the court and answer the complaint filed against them by the plaintiff (appellee), and this writ was duly served by the sheriff in the manner prescribed by statute. The writ specified the cause by number, giving the number of the original action in which the order of revivor had been entered.

At the succeeding term of court, which commenced on September 11, 1911, an order of continuance was entered of record, reciting that ''both parties, by their respective attorneys'' appeared and ''by leave of court'' the cause was continued.

On February 6, 1912, a day of the next term, the six infant heirs and the administrator appeared by their attorneys, and filed a motion to abate the action, referring in the motion to the former order of revivor and alleging that they had not consented thereto. No action was taken on the motion at that time, and after adjournment of the court appellee's attorneys caused a copy of the order of revivor to be served on said administrator and infant heirs and their guardian.

At the next term, commencing on September 6, 1912, the court made an order overruling the motion to abate the action.

The administrator filed his separate answer, disclaiming possession of the land in controversy.

No additional answer was filed by any of the other defendants, and the cause proceeded to trial before a

jury, which trial resulted in a verdict and judgment in favor of appellee.

After verdict objection was made to the entry of the judgment on the ground that the cause had not properly been revived within the year prescribed by statute. The objection was overruled, and judgment on the verdict was duly entered, and the defendants appealed to this court.

The only questions presented for our decision are, whether or not the cause was properly revived, and whether it was put at issue as to the infant heirs.

As to the adult heirs, suffice it to say that the record shows that, through their attorneys, they consented to the revivor.

Stress is laid in the argument on the recital that the attorneys who assumed to act for the adults in consenting to the revivor were "attorneys for said J. B. Vandiever, deceased."

The attorneys did, however, assume to act for the adult heirs in entering their appearance and consenting to the order, and the recital above quoted is only descriptive, and not a limitation upon their assumed authority. The fair and proper inference from the recitals of the record is that they acted in that matter as attorneys for the adult heirs, and, in the absence of a showing to the contrary (nothing being shown), their authority to so act will be presumed. See the authorities cited in appellee's brief and also the recent case of *Odus Davidson* v. *State,* 108 Ark. 191.

We need not discuss the effect of the service of copy of the order of revivor upon the infant defendants and administrator in August, 1912, after the expiration of one year from the date of death of decedent, for we are of the opinion that the cause stood revived notwithstanding that step in the proceedings. Of the three statutory methods of procedure for reviving actions appellee chose the one which provides for a preliminary order made without previous notice, but subsequently served on the parties in whose name the cause is to be revived before

the order becomes final. The order must, at all events, be treated as a preliminary one insofar as it affected the parties who were not present and consenting. The statute governing this procedure reads as follows:

"If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent, the order shall be served in the same manner as a summons upon the party adverse to the one making the motion. And at the first term, commencing not less than ten days after such service, the party on whom it is made may show cause against the revivor, and, if sufficient cause is not then shown, the cause shall stand revived." Kirby's Digest, § 6306.

It is observed that at the first term of the court after service of the copy of the preliminary order, the action *stands revived* unless cause against it be shown. No further order of the court is necessary to perfect the revivor. And so in the present case the action stood revived at the September term, 1911, of the Jackson Circuit Court, no valid cause having been shown against it.

The fact stated in the motion, that the administrator and infant heirs had not consented, was not sufficient cause for setting aside the preliminary order.

It is urged that service of an ordinary summons was not sufficient compliance with the terms of the statute which provides that "the order shall be served in the same manner as a summons."

The case, on that point, is ruled by the decision of this court in *McNutt* v. *State,* 48 Ark. 30. In that case there was, as in the present case, service of a summons, and not of a copy of the order of revivor, but the writ contained an additional clause showing that the action was one which had been begun against the original defendant and revived against his administratrix. This court held that the court could, at the return term, cause the notice to be amended, and, in effect, held that without amendment the summons was sufficient to apprise the parties of their right to resist the revivor. The court said:

"The statutory provision as to the use of a copy of the order as process to bring the administratrix into court, should have been observed, but the process adopted by the court apprised her that the action begun against her intestate had been revived against her as his representative, and that it would so progress and judgment be rendered against her unless she showed cause to the contrary. Service of a copy of the order could have done no more, and the error worked no prejudice to her rights, and must be disregarded."

It is also contended that the order of revivor was invalid because the motion to revive was made orally and not in writing.

The statute does not expressly require that the motion be in writing, and it is not essential that it be made in that form, though that is, perhaps, the better practice. The recitals of the order of court, when entered of record, and a copy thereof served, or appearance entered, are sufficient to give notice to the adverse party.

The further question arises whether the court erred in proceeding to trial of the cause without requiring the guardian of the infant defendants to file an answer.

That was not necessary where the pleadings were made up and issue joined before the death of the original defendant. Section 6023, Kirby's Digest, which provides that "no judgment can be rendered against an infant until after a defense by a guardian," does not apply to a revived action where answer has been filed by the original defendant.

"When the suit is revived," said this court in the early case of *Bentley* v. *Dickson*, 1 Ark. 165, "all the pleadings stand in the same attitude, as if they had never been abated by death. The names only are changed upon the record, and it is a legal fiction by which the writ, declaration, plea and other proceedings, are all considered as there standing in the name of the executor or administrator. This, it is believed, is the universal rule of practice, and in strict accordance with the principles of right and justice."

That seems to be still the general rule of practice. 1 Cyc. 115.

We are, therefore, of the opinion that the cause was properly revived and the rights of the infants duly guarded before the trial was permitted. Judgment affirmed.