Dean Floyd NIX *v.* ST. EDWARD MERCY
MEDICAL CENTER; T.C. Kelly, M.D.;
Cooper Clinic, P.A.; and John Does 1-4

00–163                                    30 S.W.3d 746

Supreme Court of Arkansas
Opinion delivered November 16, 2000

*Hardin, Jesson & Terry*, by: *Bradley D. Jesson*; *John M. Burnett*; and *Law Offices of Harry Scoufos, P.C.*, by: *Fourth Scofous*, for appellant.

*Thompson & Llewellyn, P.A.*, by: *William P. Thompson*, for appellee St. Edward Mercy Medical Center.

*Warner, Smith & Harris*, by: *G. Alan Wooten* and *Matthew C. Carter*, for appellees T.C. Kelly, M.D., and Cooper Clinic, P.A.

W. "DUB" ARNOLD, Chief Justice. On February 20, 1998, appellant Dean Floyd Nix filed a medical-malpractice action individually and as his wife's guardian against appellees, St. Edward Mercy Medical Center, T.C. Kelly, M.D., Cooper Clinic, P.A., and John Does 1-4, for medical injuries allegedly sustained in February 1996 by his wife, Gloria Rose Nix. Approximately four months after the complaint was filed, Mrs. Nix died on June 28, 1998, *pendente lite*. Thirteen months later, appellees filed a motion to strike the abated action from the trial court's docket pursuant to Ark. Code Ann. sections 16-62-108 and 16-62-109 (revival-of-action statutes). Citing the supersession rule, appellant argued that Ark. R. Civ. P. 25 superseded the statutes because the statutes and the court's rule concerning substitution of parties conflicted. *See Arkansas Court Rules* at 723 (2000). Pursuant to Rule 25, Nix contended that, at most, dismissal without prejudice was warranted.

During a hearing on November 1, 1999, the trial court reasoned that the supersession rule did not apply because section 16-62-108 imposed a substantive limitation on revival that could not be superseded by the procedural Rule 25. Thus, the trial court determined that the action had abated and was no longer capable of being revived pursuant to section 16-62-108. The court further concluded that Nix's claim for loss of consortium had abated because it was derivative of his wife's claim. In reaching its decision, the court noted that, although Nix filed the action individually and

as his wife's guardian, Gloria Nix was the "real party in interest." Moreover, there was no suggestion of death on the record and no application for an order to revive the action. Reluctantly, the trial court dismissed appellant's action with prejudice in accordance with section 16-62-109. The instant appeal followed.

Our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(d)(2) and 1-2(b)(1), (5), and (6) (2000). The Court of Appeals certified this case for us to consider a significant issue of first impression and one needing clarification of the law. Appellant's sole point on appeal challenges the trial court's conclusion that Ark. Code Ann. sections 16-62-108 and 16-62-109 (1987) are not superseded by Ark. R. Civ. P. 25. We find no merit in appellant's arguments, and we affirm the trial court's order dismissing appellant's complaint with prejudice.

### Sections 16-62-108, 16-62-109, and Ark. R. Civ. P. 25

█ Arkansas Code Annotated section 16-62-108 requires a plaintiff's representative or successor to revive an action within one year from the time the order might first have been made, unless the defendant consents. Section 16-62-109 directs the court to strike an action from the docket if it appears "by affidavit that either party to an action has been dead, or, where he sues or is sued as a personal representative, that his powers have ceased for a period so long that the action cannot be revived in the names of his representatives or successor without the consent of both parties." Significantly, a resulting dismissal is with prejudice. Here, the parties agree that appellant failed to revive the action pursuant to section 16-62-108. However, the parties disagree as to whether Ark. R. Civ. P. 25 permits appellant to substitute himself as a party beyond the statutory limitation and achieve a dismissal without prejudice.

In support of his position, appellant cites our supersession rule, which provides that:

> All laws in conflict with the Arkansas Rules of Civil Procedure, Rules of Appellate Procedure and Rules for Inferior Courts shall be deemed superseded as of the effective dates of these rules.

*Arkansas Court Rules* at 723 (2000). If the supersession rule applied, Rule 25 would permit a substitution of parties within ninety days of

death, with or without notice and a hearing. Significantly, a dismissal may follow if substitution is sought too late, as here, but any dismissal is discretionary and without prejudice. As a result, appellant maintains that only dismissal without prejudice was warranted per Rule 25.

The Reporter's Notes to Rule 25 offer guidance to resolve the matter before us. For example, the Notes explain that the purpose of Rule 25 is "to permit the action to be prosecuted by or against those who are, following the death of a party, either the real party in interest or a representative thereof." The comments to subsection (e), captioned "Limitation of Rule," indicate that Ark. R. Civ. P. 25(e) represents an attempt to limit the rule's effect to the determination of who may be substituted as a party but "not to enlarge the time during which a claim may be prosecuted." Additionally, the comments acknowledge that subsection (e) is not intended to determine which claims survive the death of a party.

■ Writing in the *Arkansas Law Review*, former Justice David Newbern of the Arkansas Supreme Court addressed the import of the subsection (e) limitation. He pointed out that part (e) was not found in the federal counterpart to Ark. R. Civ. P. 25. Intentionally included in our rules, subsection (e) "makes it clear that the rule is not intended to extend the statute of limitations or to permit a claim which is otherwise barred by law. Nor is the rule intended to deal with survival of actions." Walter Cox & David Newbern, *New Civil Procedure: The Court that Came in from the Code*, 33 ARK. L. REV. 40 (1979). Given the expressed intent that Rule 25 does not represent a means to extend otherwise applicable statutes of limitation, we cannot say that it operates here to extend appellant's rights by permitting a dismissal without prejudice.

■ In reaching our decision, we also consider the applicability of Ark. R. Civ. P. 81(a). In *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), we explained the relationship between Rule 81(a) and the supersession rule. Rule 81(a) carves out an exception to the supersession rule where a statute "creates a right, remedy or proceeding [and] specifically provides a different procedure in which event the procedure so specified shall apply." Ark. R. Civ. P. 81(a) (2000); *see also Weidrick*, 310 Ark. at 143, 835 S.W.2d at 846.

Under the facts in *Weidrick*, we held that the rules of civil procedure superseded a conflicting statute requiring a sixty-day notice requirement for commencing a civil medical-malpractice action. We rejected the additional, conflicting notice requirement imposed by the statute in favor of Ark. R. Civ. P. 3, which provided that a civil action is commenced by filing a complaint with the proper court clerk. Underlying our decision was the fact that the statute at issue did not create a "special proceeding" or a statutory right as contemplated by the Rule 81(a) exception. *See Weidrick*, 310 Ark. at 144, 835 S.W.2d at 846.

■ Here, however, Ark. Code Ann. section 16-62-108 creates a special proceeding with a different procedure distinct from an ordinary civil action to which the rules apply. In light of the comments to Rule 25, Rule 81(a), and our reasoning in *Weidrick*, we cannot say that the trial court erred by finding that section 16-62-108 was not superseded by Rule 25. The time limitation imposed by section 16-62-108 applied and, given appellant's failure to timely revive the action, dismissal was mandated pursuant to section 16-62-109. Accordingly, we affirm the trial court's order dismissing appellant's claim with prejudice.