Ronny DEAVER, Administrator of the Estate of Faye Deaver  v.
FAUCON PROPERTIES, INC. d/b/a St. Andrews Place;
St. Andrews Place, Inc. d/b/a St. Andrews Place;
and William Mainord

CA 05-1019                                                231 S.W.3d 100

Court of Appeals of Arkansas
Opinion delivered March 8, 2006
[Rehearing denied April 19, 2006.*]

---

* CRABTREE, J., would grant rehearing. GLOVER, J., not participating.

David A. Couch, PLLC, by: *David A. Couch*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Stuart P. Miller* and *Jeffrey W. Hatfield*; and *Barber, McCaskill, Jones & Hale, P.A.*, by*: G. Spence Fricke*, for appellees.

JOSEPHINE LINKER HART, Judge. Ronny Deaver, as administrator for the Estate of Faye Deaver, appeals from an order of the Faulkner County Circuit Court striking and dismissing with prejudice a complaint for failure to properly revive the action after the death of Faye Deaver. On appeal, Deaver argues that the circuit court erred in dismissing his case because: 1) the lawsuit was properly revived by the entry of an order substituting him as a party for his mother, who died during the pendency of the action; 2) his filing of an amended complaint that raised a new cause of action either revived his lawsuit or created a new claim; and 3) the appellees waived the right to challenge the revivor because twenty-two months elapsed since he filed the "suggestion of death" and motion for substitution of parties in accordance with Rule 25 of the Arkansas Rules of Civil Procedure. We agree with Deaver's first point and reverse and remand without reaching his second and third points.

On November 1, 2002, Faye Deaver and her son, Ronny Deaver, filed a lawsuit against the appellees, the administrator and various business entities that owned the nursing home where Faye had resided since March 24, 2000. The complaint alleged breach of contract, negligence, and *"res ipsa loquitur"* as theories for recovering damages. On May 3, 2003, Faye died. On October 28, 2003, Ronny filed a pleading styled: "PLAINTIFFS' SUGGESTION OF DEATH UPON THE RECORD, MOTION FOR APPOINTMENT OF SPECIAL ADMINISTRATOR, AND REQUEST FOR ORDER OF SUBSTITUTING PARTIES." The

pleading cited and apparently relied on the requirements of Rule 25 of the Arkansas Rules of Civil Procedure, but made no mention of Arkansas's revivor statutes, § 16-62-101 *et seq.* (Repl. 2005). On November 5, 2003, the circuit court entered an order that stated:

> Pursuant to Ark. R. Civ. P. 25, the Court should, and hereby does, appoint Ronny Deaver as the Special Administrator for his mother, Faye Deaver, with the power to prosecute this case on behalf of the Estate of Faye Deaver and its beneficiaries, and orders a substitution of the Special Administrator as the proper party to pursue this case on behalf of the Estate of Faye Deaver and its beneficiaries.

On March 7, 2005, Ronny, this time acting both individually and as administrator of his mother's estate, filed an amended complaint. The new complaint reasserted the breach of contract and negligence claims, deleted all references to *"res ipsa loquitur,"* and asserted a claim under the Arkansas Long Term Care Facility Residents' Rights Statute. The appellees moved to strike on March 16, 2005, asserting that Ronny had never petitioned for nor received an order of revival as required by Arkansas Code Annotated section 16-62-108, and that because more than one year had passed, the complaint must be dismissed with prejudice. The trial court granted the motion and dismissed with prejudice.

On appeal, Deaver argues that the circuit court erred in dismissing his lawsuit because it was properly revived through the entry of an order substituting him as a party. He concedes that his petition and the order that he caused to be entered did not use the term "revive," but he contends that it was "implicit in the Court's order" that the litigation "could and should" continue, and to hold otherwise "would be to put form over substance." We agree.

This case requires us to construe the requirements of the Arkansas revivor statute. Our review of issues of statutory construction is de novo. *Simmons First Bank v. Bob Callahan Servs., Inc.,* 340 Ark. 692, 13 S.W.3d 570 (2000). In this respect, we are not bound by the trial court's decision. *Id.*

█ We agree with Deaver that the lawsuit was properly revived through the entry of an order substituting him as a party despite the fact that his petition and the order that he submitted to the trial court did not strictly comply with the requirements of the revivor statute. It is obvious that Deaver relied entirely upon the requirements of Rule 25 of the Arkansas Rules of Civil Procedure to address the effect of his mother's death on the lawsuit against the

appellees. Commentators have noted that "[t]here is a close relationship between the subject of revivor of actions and substitution of parties." David Newbern and John Watkins, *Arkansas Civil Practice and Procedure* § 5-12 (3d ed. 2002). However, they have also stated that "revivor is technically a different phenomenon from substitution," and that "the statute contemplates an order of revivor of the action in the name of the personal representative or successor to the decedent." *Id.* Therefore, the question is whether the November 5, 2003, order fulfilled the requirements of our revivor statute. We believe that it does.

At common law, actions abated upon the death of either party. *See generally Miller v. Nuckolls*, 76 Ark. 485, 89 S.W. 88 (1905). The purpose of our revivor statute is to remediate the harshness of this doctrine. *Id.* In more than a century and a half of dealing with revivor actions, our supreme court has allowed substantial compliance as the standard in determining whether the requirements of the revivor statutes were met. *See Keffer v. Stuart*, 127 Ark. 498, 193 S.W.83 (1917); *Vandiever v. Conditt*, 110 Ark. 311, 162 S.W. 47 (1913); *Noland v. Leech*, 10 Ark. 504, 5 Eng. 504 (1850). Here, the order that Deaver obtained clearly substituted him as a party and recited that he was the "proper party to pursue this case on behalf of the Estate of Faye Deaver." In our view, we cannot subscribe to the conclusion that the mere failure to use the word "revivor" in the order meant that the trial court did not contemplate that the cause of action should be allowed to continue. Accordingly, we hold that the trial court erred in dismissing Deaver's lawsuit.

Reversed and remanded.

ROAF and VAUGHT, JJ., agree.