Ronnie DEAVER as Administrator of the Estate of Faye Deaver  *v.*
FAUCON PROPERTIES, INC. d/b/a St. Andrews Place;
St. Andrews Place, Inc. d/b/a St. Andrews Place;
and William A. Mainord

06-320                                                239 S.W.3d 525

Supreme Court of Arkansas
Opinion delivered September 21, 2006

David A. Couch, PLLC, by: David A. Couch, for appellant.

Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., by: Stuart P. Miller and Jeffrey W. Hatfield; and Barber, McCaskill, Jones & Hale, P.A., by: G. Spence Fricke, for appellees.

JIM GUNTER, Justice. Appellant Ronny Deaver, as administrator for the Estate of Faye Deaver, appeals the circuit court's order striking and dismissing his complaint with prejudice for failing properly to revive Faye Deaver's claims after her death. We hold that the action was properly revived under Arkansas law, and we reverse the order of the circuit court.

On November 1, 2002, Faye Deaver and her son, Ronny Deaver, filed a complaint against the appellees: St. Andrews Nursing Home, various entities that owned the nursing home, and the administrator of the nursing home. The complaint alleged breach of contract, negligence, and res ipsa loquitur. Faye died on May 3, 2003.

On October 28, 2003, appellant filed a pleading styled as follows: "PLAINTIFFS' SUGGESTION OF DEATH UPON THE RECORD, MOTION FOR APPOINTMENT OF SPECIAL ADMINISTRATOR, AND REQUEST FOR ORDER OF SUBSTITUTING PARTIES."Appellant stated in this pleading that Faye had died, and he attached a death certificate. He also requested, pursuant to Ark. R. Civ. P. 25, the circuit court to appoint him as the special administrator for his mother with the power to prosecute the case on behalf of her estate and to order a substitution of the proper parties. In an order entered November 5, 2003, the circuit court appointed appellant as the special administrator for his mother, Faye, "with the power to prosecute this case on behalf of the Estate of Faye Deaver and its beneficiaries," and also ordered "a substitution of the Special Administrator as the proper party to pursue this case on behalf of the Estate of Faye Deaver and its beneficiaries."

On March 7, 2005, appellant, acting individually and as administrator of his mother's estate, filed an amended complaint, reasserting the breach-of-contract and negligence claims, deleting any reference to *res ipsa loquitur*, and alleging a violation of the Arkansas Long-Term Care Facility Resident's Rights statutes. *See* Ark. Code Ann. §§ 20-12-1201 to 1209 (Repl. 2005). The appellees moved to strike, asserting that appellant had "neither petitioned for nor received an order of revival as required by Ark. Code Ann. § 16-62-108." They argued further that because more than one year had passed since Faye's death, the complaint must be dismissed with prejudice pursuant to Ark. Code Ann. § 16-62-109. The circuit court granted the motion and dismissed the complaint with prejudice.

Appellant appealed to the Arkansas Court of Appeals, which reversed the circuit court's decision in *Deaver v. Faucon Properties, Inc.*, 94 Ark. App. 370, 231 S.W.3d 100 (2006). We granted appellees' petition for review pursuant to Ark. Sup. Ct. R. 2-4 (2005). When this court grants a petition for review of a decision of the court of appeals, it reviews the case as though it had originally been filed in the Arkansas Supreme Court. Ark. Sup. Ct. R. 1-2(e); *Crudup v. Regal Ware, Inc.*, 341 Ark. 804, 20 S.W.3d 900 (2000).

This case requires us to construe the requirements of the revivor statutes in conjunction with Rule 25 of the Arkansas Rules of Civil Procedure. We review issues of statutory construction and the interpretation of the rules of civil procedure *de novo. See Harris*

*v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006); *JurisDictionUSA, Inc. v. Loislaw.com, Inc.*, 357 Ark. 403, 183 S.W.3d 560 (2004).

On appeal, appellant argues that the lawsuit was properly revived by the circuit court's order of November 5, 2003, appointing him special administrator for his mother and ordering substitution of parties pursuant to Ark. R. Civ. P. 25. Therefore, he argues, the circuit court's order striking his complaint and dismissing the lawsuit was error. Appellees respond, arguing that appellant failed properly to revive the action of Faye Deaver because he never obtained an "order to revive" in accordance with the revivor statutes, specifically citing Ark. Code Ann. §§ 16-62-105, 108, and 109. Appellees argue that an order pursuant to Ark. R. Civ. P. 25 is "insufficient to revive an action pursuant to the mandate of Ark. Code Ann. § 16-62-105."

*I. Historical Overview*

In order to determine whether this action was properly revived under Arkansas law, a brief overview of the law of revivor — and survival, which is often confused with revivor — is helpful. Revival refers to the continuation of an "action" upon the death of a party; survival refers to the continuation, or survival, of a "cause of action" upon the death of the injured party. *See Black's Law Dictionary* 1187, 1296 (5th ed. 1979). An "action" is an ordinary judicial proceeding. *See In re Martindale*, 327 Ark. 685, 689, 940 S.W.2d 491, 493 (1997); *Black's Law Dictionary* 26 (5th ed. 1979). In Arkansas, "civil actions" embrace all actions formerly denominated "suits" in equity and "actions" at law. Ark. R. Civ. P. 2; *see also Black's Law Dictionary* 26 (5th ed. 1979). A "cause of action" is the set of facts that gives rise to the judicial proceeding. *See Black's Law Dictionary* 201 (5th ed. 1979). Therefore, the cause of action is born when certain facts occur that entitle the plaintiff to relief, and the action occurs when a complaint based upon those facts is filed with a court. Ark. R. Civ. P. 3.

"The substitution of a new party to proceed with the prosecution or defense of a claim is the revivor of an action. The death of a party to a legal proceeding, *where the cause of action survives*, suspends the action as to decedent until someone is substituted for decedent as a party." 1 C.J.S. *Abatement and Revival* § 155 (emphasis added); *see also Anglin v. Cravens*, 76 Ark. 122, 124, 88 S.W. 833, 834 (1905) ("[w]hen the plaintiff dies during the pendency of the action, any person interested in the further prosecution thereof

may have a revivor in the name of the administrator or executor, if there be such, and the right of action be one that survives in favor of the personal representative").

> "When the suit is revived," said this court in the early case of *Bentley v. Dickson*, 1 Ark. 165, "all the pleadings stand in the same attitude as if they had never been abated by death. *The names only are changed upon the record*, and it is a legal fiction by which the writ, declaration, plea, and other proceedings are all considered as there standing in the name of the executor or administrator."

*Vandiever v. Conditt*, 110 Ark. 311, 162 S.W. 47 (1913) (emphasis added). "An action cannot be revived unless the cause of action survives. However, the survival of a cause of action [internal citation omitted] and the revival of an action are different in that the former is a matter of right and *the latter a matter of procedure*." 1 C.J.S. *Abatement and Revival* § 155 (emphasis added).

In the case at bar, neither party is arguing that the cause of action has not survived. Therefore, for purposes of this appeal, we assume the cause of action has survived Ms. Deaver's death. The question in this case is whether the action, or lawsuit, was properly revived. This is a matter of procedure.

## II. Statutes/Rules

We turn now to the relevant statutes and procedural rules. Survival and abatement of actions are addressed in Ark. Code Ann. § 16-62-101 to 111. Sections 16-62-101 and 102 concern survival of a cause of action and are not relevant here. Section 16-62-105, relied upon by appellees, states that, upon the death of one of the parties to an action, the action may be revived if the right of action survives. Ark. Code Ann. § 16-62-105(a) (Repl. 2005). The statute then states that the "revivor shall be by an order of the court" and sets forth the procedures to obtain such an order. Ark. Code Ann. § 16-62-105(b) - (e) (Repl. 2005). Section 16-62-108 sets forth an exception to the rule allowing an action to be revived, essentially acting as a statute of limitations (which may be waived with consent). It states as follows:

### 16-62-108. Reviver of actions against plaintiff's representative or successor – Exception.

An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith. However, an

order to so revive the action shall not be made without the consent of the defendant after the expiration of one (1) year from the time when the order might first have been made. Where the defendant shall also have died, or his or her powers have ceased in the meantime, the order of reviver on both sides may be made within the period provided by this section or the period provided by § 16-62-107(b), whichever shall be longer.

While these statutes governed revivor and the procedure for obtaining an order of revivor until 1986, we deemed subsections (a)-(e) of Ark. Code Ann. § 16-62-105 superseded by the Arkansas Rules of Civil Procedure in a per curiam opinion dated November 24, 1986. *See In re Statutes Deemed Superseded by the Arkansas Rules of Civil Procedure*, 290 Ark. 616, 719 S.W.2d 436 (1986). Therefore, the law governing the procedure for obtaining an order of revivor in Arkansas, although technically no longer referred to as "revivor," is primarily Ark. R. Civ. P. 25 (Rule 25). We recognize that in *Arkansas Department of Health and Human Services v. Smith*, 366 Ark. 584, 237 S.W.3d 79 (2006), we mistakenly set forth the provisions of Ark. Code Ann. § 16-62-105 (Repl. 2005), stating that they governed the revival procedure. Thus, to the extent that *Smith* conflicts with our holding today, it is overruled.

Rule 25 states in pertinent part as follows:

(a) Death. (1) If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party, and such substitution may be ordered without notice or upon such notice as the Court may require. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by the service upon the parties of a statement of the fact of death, the action may be dismissed as to the deceased party.

(2) Upon the death of a plaintiff the proper party for substitution shall be his personal representative or, where the claim has passed to his heirs or to his devisees, the heirs or devisees may be substituted for the deceased party. . . .

(3) Upon the death of any party the Court before which such litigation is pending may, upon the motion of any party, appoint a

special administrator who shall be substituted for the deceased party. The powers of such special administrator shall extend only to the prosecution and defense of the litigation wherein he is appointed.

. . .

(e) Limitation of Rule. The provisions of this rule shall in no way allow a claim to be maintained which is otherwise barred by limitations or nonclaim, nor shall the provisions of this rule be determinative of whether or not a claim for or against a deceased party survives his death.

### III. Case Law

Appellees argue that the provisions of the revivor statutes are separate and distinct from Rule 25. In their brief, appellees cite and set forth the provisions found in Ark. Code Ann. § 16-62-105(a) and (b), stating that revivor must be accomplished through an order to revive. Then, relying upon *Nix v. St. Edward Mercy Medical Center*, 342 Ark. 650, 30 S.W.3d 746 (2000), appellees argue that Rule 25 was not designed to deal with survival of actions and that the substantive requirements of revivor, accomplished procedurally through an order to revive, cannot be superseded by Rule 25.

■■ First, the procedures set forth in Ark. Code Ann. § 16-62-105(a) and (b) were specifically superseded by the Arkansas Rules of Civil Procedure in 1986 and, therefore, no longer govern the procedure for obtaining an order of revivor. Second, appellees fail to explain exactly what these "substantive requirements of revivor" include. The only "substantive requirement" in the statutes cited by appellees is the time limitation provided in Ark. Code Ann. § 16-62-108. This statute states that an order to revive may not be made after the expiration of one year unless the defendant consents. In this case, the court entered its order of substitution seven months after Faye Deaver's death; therefore, there has been no violation of section 108's time limits. Revivor is simply the substitution of a new party to proceed with the prosecution or defense of a claim. 1 C.J.S. *Abatement and Revival* § 155. This is exactly what the circuit court accomplished in this case by ordering the appointment of appellant as special administrator to pursue the prosecution and substituting him as the proper party to pursue the case under Ark. R. Civ. P. 25.

Finally, appellees reliance on our decision in *Nix* is misplaced. The issue in *Nix* was simply whether Rule 25 supersedes the substantive time limitation imposed on revivor by Ark. Code Ann. § 16-62-108. We held that it did not. The plaintiff in *Nix* filed an action individually and as his wife's guardian for medical injuries sustained by his wife. His wife died while the action was pending. Thirteen months after her death, the defendants filed a motion to strike for failure to revive within one year. Plaintiff had filed neither a suggestion of death nor a motion for substitution pursuant to Rule 25. We affirmed the circuit court's order of dismissal, holding that Rule 25 did not extend the one-year statute of limitation on revivor set forth in Ark. Code Ann. § 16-62-108. *Nix*, 342 Ark. at 654, 30 S.W.3d at 749.

The case at bar does not concern section 108's time limitation. It is clear from the record that the court's order pursuant to Rule 25 was entered well within one year of Faye Deaver's death. The issue before us is whether the circuit court's order pursuant to Rule 25 — which order did not contain the word revivor — was sufficient to revive this action. We hold that it was. Revivor is a procedure used upon the death of a party to a legal proceeding in which a new party is substituted to proceed with the prosecution or defense of the claim. While Rule 25 does not specifically refer to an "order to revive," this rule has governed the method for obtaining an order of substitution upon the death of a party since 1986, when we held that the Arkansas Rules of Civil Procedure superseded the revivor procedures set forth in Ark. Code Ann. § 16-62-105. Rule 25 does not determine whether a cause a action survives the death of a party, permit a claim which is otherwise barred by law, or extend the statute of limitations. *See Nix*, 342 Ark. at 653, 30 S.W.3d at 748. It simply governs the procedure for obtaining a substitution of a party upon a party's death where the cause of action survives, the claims in the action are otherwise permitted by law, and the motion is made within the time limits prescribed in Ark. Code Ann. § 16-62-108.

We will not reverse a circuit court's decision on the basis of an argument not raised by the appellant. *See Cummings v. Boyles*, 242 Ark. 923, 415 S.W.2d 571 (1967). We note that, while appellant did not specifically cite our 1986 per curiam opinion deeming Ark. Code Ann. § 16-62-105(a) - (e) superseded by the

Arkansas Rules of Civil Procedure,[1] he did argue that the circuit court's order pursuant to Rule 25 properly revived his action and that an order pursuant to the revivor statutes, including section 105, was unnecessary.[2] He is correct, and it is this very point upon which we reverse. *See, e.g., Littles v. Flemings,* 333 Ark. 476, 970 S.W.2d 259 (1998) (a court does not act *sua sponte* when its reversal is "prompted" by appellant's argument).

We hold that the circuit court's order pursuant to Rule 25 properly revived appellant's action; accordingly, we hold that the circuit court erred in granting appellees' motion to dismiss.

Reversed and remanded.

---

[1] *In re Statutes Deemed Superseded by the Arkansas Rules of Civil Procedure,* 290 Ark. 616, 719 S.W.2d 436 (1986).

[2] We note that the A.C.R.C. Notes to Ark. Code Ann. § 16-62-105 (Repl. 2005) include a reference to *In re Statutes Deemed Superseded by the Arkansas Rules of Civil Procedure,* 290 Ark. 616, 719 S.W.2d 436 (1986).