2013 Ark. 66

**Diane Koniecki AUSMAN, on behalf of the ESTATE OF Daniel Herman AUSMAN, Deceased, Appellants**

v.

**HIRAM SHADDOX GERIATRIC CENTER, Appellee.**

No. 12–183.

Supreme Court of Arkansas.

Feb. 21, 2013.

Bequette & Billingsley, PA, by: George J. Bequette, Jr., Little Rock; and Arnold & Itkin LLP, by: (pro hac vice) Michael E. Pierce and Christopher M. Spain, for appellant.

L. Sean Mathis; and Murphy, Thompson, Arnold, Skinner & Castleberry, Batesville, by: Tom Thompson and Casey Castleberry, for appellee.

DONALD L. CORBIN, Justice.

Appellant Diane Koniecki Ausman, on behalf of the Estate of Daniel Herman Ausman, deceased (the Estate), appeals the order of the Baxter County Circuit Court dismissing with prejudice its complaint against Appellee Hiram Shaddox

Geriatric Center. On appeal, the Estate argues that it was error to dismiss its complaint because Ark. R. Civ. P. 25 (2012) simply required an administrator to be substituted within ninety days after a death is suggested upon the record. As this case presents an issue of first impression, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(b)(1) (2012). We find no error and affirm.

This case stems from the death of Daniel Herman Ausman, who was a patient at Hiram Shaddox from August 22, 2007, until the time of his death on August 25, 2007. Originally, Mrs. Ausman, acting individually and on behalf of Mr. Ausman's estate, filed a complaint |2against Hiram Shaddox and Dr. Tim Paden on August 24, 2009.[1] Therein, Ausman sought damages based on the following causes of action: medical negligence, negligence, gross negligence, violations of the Arkansas Long Term Care Resident's Right Act, and civil liability for conduct constituting felony neglect of an endangered or impaired adult.

Shortly after the suit was filed, on December 16, 2009, Mrs. Ausman passed away. The attorneys representing Mrs. Ausman did not learn of her death until May 2011, when they attempted to contact her to discuss the upcoming trial. As a result, counsel for Mrs. Ausman filed a motion for continuance, stating that trial was scheduled to begin on July 11, 2011, and time was needed to address estate issues resulting from Mrs. Ausman's passing.

On July 7, 2011, Hiram Shaddox filed a motion to strike Mrs. Ausman's complaint for failure to revive it pursuant to the revivor statutes codified at Ark.Code Ann. §§ 16–62–108 to –109 (Repl.2005). Hiram Shaddox argued therein that Mrs. Ausman's counsel was required to comply with the dictates of section 16–62–108 and Rule 25, governing the substitution of parties, and because they failed to do so, the complaint should be struck and an order dismissing Hiram Shaddox entered. Hiram Shaddox based its argument on the one-year limitation found in section 16–62–108. Counsel for Mrs. Ausman replied, arguing that section 16–62–108 had been superseded by Rule 25 and, as such, an order substituting one of Mrs. Ausman's heirs, within ninety days from the date of suggestion of death upon the record, was sufficient to revive the claim.

|3Thereafter, on July 22, 2011, a suggestion of death upon the record and a motion to substitute James A. Klass, Mrs. Ausman's son, as special administrator of Mr. Ausman's estate, was filed. A hearing on the motion to strike and the motion to substitute was held on September 27, 2011. At that hearing, counsel for Mrs. Ausman argued that the motion to strike should be dismissed because the revivor statutes had never before been applied to a case where a special administrator died during the pendency of the action. He further argued that this case presented a pure issue of substitution of parties pursuant to Rule 25. Counsel for Hiram Shaddox argued that section 1662109 clearly addressed the situation where a personal representative's powers have ceased for a period of time and, thus, where the statutory time frame in section 16–62–108 had not been superseded by Rule 25, it applied to the case at bar. At the conclusion of the hearing, the circuit court took the matter under advisement.

The circuit court entered an order granting the motion to strike and dismissing the complaint with prejudice on November 7, 2011. In its order, the circuit

---

1. A voluntary nonsuit was taken as to Dr. Paden, and he is not a party to the instant suit. Moreover, no one disputes that Mrs. Ausman's individual claim is no longer viable.

court found that, pursuant to this court's opinion in *Deaver v. Faucon Properties, Inc.*, 367 Ark. 288, 239 S.W.3d 525 (2006), Rule 25 superseded the procedure for revivor set forth in Ark.Code Ann. § 16–62–105. But, the court also found that the statute of limitations provided for in section 16–62–108 remained in effect. Thus, because the Estate failed to revive the action within one year from the date of Mrs. Ausman's death, the court granted the motion to strike, denied the motion for substitution, and dismissed the complaint with prejudice. A timely notice of appeal followed.

The issue to be decided in this case is whether the one-year statute of limitations found in section 16–62–108 is applicable where a special administrator of an estate dies during the pendency of litigation or whether the matter is simply governed by Rule 25's requirement for substitution of parties. On appeal, the Estate argues that the circuit court erroneously relied on sections 16–62–108 and 16–62–109 in ruling that the Estate failed to properly revive the action. Moreover, the Estate argues that this case is materially distinguishable from the facts in *Deaver*, 367 Ark. 288, 239 S.W.3d 525, and *Nix v. St. Edward Mercy Medical Center*, 342 Ark. 650, 30 S.W.3d 746 (2000), because in this case it was not the injured party who originally brought suit who passed away; rather, it was a noninjured special administrator who passed away while litigation was pending. Thus, according to the Estate, when Mrs. Ausman died, the Estate's claims did not necessitate revival under sections 16–62–108 and 16–62–109, and filing a timely motion for substitution pursuant to Rule 25 was all that was necessary.

Hiram Shaddox counters that the circuit court properly struck the complaint and dismissed the case where the Estate failed to file a suggestion of death upon the record or a motion for substitution within one year from the date of Mrs. Ausman's death because this court has held that the one-year limitation in section 16–62–108 was not superseded by Rule 25. Moreover, Appellees assert that the language of section 16–62–109 clearly indicates that the requirements imposed by the revivor statutes apply in the situation of the death of a personal representative.

We review issues of statutory construction de novo; it is for this court to decide what a statute means. *Kimbrell v. McCleskey*, 2012 Ark. 443, 424 S.W.3d 844. We are not bound by the decision of the circuit court; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *See id.* The cardinal rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Cent. Okla. Pipeline, Inc. v. Hawk Field Servs., LLC*, 2012 Ark. 157, 400 S.W.3d 701. When the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation. *Scoggins v. Medlock*, 2011 Ark. 194, 381 S.W.3d 781.

Section 16–62–108 provides, in pertinent part:

An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith. However, an order to so revive the action shall not be made without the consent of the defendant after the expiration of one (1) year from the time when the order might first have been made.

Section 16–62–109 provides:

When it appears to the court by affidavit that either party to an action has been dead, or, where he or she sues or issued as a personal representative, that

his or her powers have ceased for a period so long that the action cannot be revived in the names of his or her representatives or successor without the consent of both parties, it shall order the action to be stricken from the docket.

It is these statutes that Hiram Shaddox asserts govern the facts of this case. But, we must consider these statutes in light of the requirement of Rule 25 governing substitution of parties. That rule provides in relevant part:

> (a) *Death.* (1) If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party, and such substitution may be ordered without notice or upon such notice as the Court may require. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by the service upon the parties of a statement of the fact of death, the action may be dismissed as to the deceased party.

> (2) Upon the death of a plaintiff the proper party for substitution shall be his personal representative or, where the claim has passed to his heirs or to his devisees, the heirs or devisees may be substituted for the deceased party....

> (3) Upon the death of any party the Court before which such litigation is pending may, upon the motion of any party, appoint a special administrator who shall be substituted for the deceased party. The powers of such special administrator shall extend only to the prosecution and defense of the litigation wherein he is appointed....

> ....

> (e) *Limitation of Rule.* The provisions of this rule shall in no way allow a claim to be maintained which is otherwise barred by limitations or non-claim, nor shall the provisions of this rule be determinative of whether or not a claim for or against a deceased party survives his death.

This is not the first time this court has addressed the issue of whether Rule 25 applies to the exclusion of sections 16–62–108 and 16–62–109, although it is the first time we have addressed the issue where the deceased party was serving as a special administrator.

This court held in *Nix,* 342 Ark. 650, 30 S.W.3d 746, that section 16–62–108 was not superseded by Rule 25, and the appellant's failure to timely revive the action mandated its dismissal pursuant to section 16–62–109. The issue in that case was whether Rule 25 permitted the appellant to substitute himself as a party beyond the statutory time limitation set forth in section 16–62–108 and achieve a dismissal without prejudice. In concluding that Rule 25 did not permit such a substitution, this court explained as follows:

> The Reporter's Notes to Rule 25 offer guidance to resolve the matter before us. For example, the Notes explain that the purpose of Rule 25 is "to permit the action to be prosecuted by or against those who are, following the death of a party, either the real party in interest or a representative thereof." The comments to subsection (e), captioned "Limitation of Rule," indicate that Ark. R. Civ. P. 25(e) represents an attempt to limit the rule's effect to the determination of who may be substituted as a party but "not to enlarge the time during which a claim may be prosecuted." Additionally, the comments acknowledge that subsection (e) is not intended to determine which claims survive the death of a party.

Writing in the *Arkansas Law Review*, former Justice David Newbern of the Arkansas Supreme Court addressed the import of the subsection (e) limitation. He pointed out that part (e) was not found in the federal counterpart to Ark. R. Civ. P. 25. Intentionally included in our rules, subsection (e) "makes it clear that the rule is not intended to extend the statute of limitations or to permit a claim which is otherwise barred by law. Nor is the rule intended to deal with survival of actions." Walter Cox & David Newbern, *New Civil Procedure: The Court that Came in from the Code*, 33 Ark. L.Rev. 40 (1979). Given the expressed intent that Rule 25 does not represent a means to extend otherwise applicable statutes of limitation, we cannot say that it operates here to extend appellant's rights by permitting a dismissal without prejudice.

*Id.* at 653, 30 S.W.3d at 748.

Our holding in *Nix* was again addressed in *Deaver*, 367 Ark. 288, 239 S.W.3d 525. There, Faye Deaver and her son filed a breach-of-contract and negligence complaint against various defendants. While the case was pending, Mrs. Deaver died, and a motion was filed pursuant to Rule 25 for the appointment of a special administrator and for an order substituting the administrator for Mrs. Deaver as a party plaintiff. The trial court entered an order granting those requests but later dismissed the complaint on the defendants' motion because an order of revival had not been obtained pursuant to section 16–62–108. In addressing the issue of whether the order entered pursuant to Rule 25 was sufficient to revive an action under the revivor statute, this court noted that the revival of an action is a matter of procedure, as the term "revivor" is a procedure used upon the death of a party to a legal proceeding in which a new party is substituted to proceed with the prosecution or

defense of the claim. *Id.* This court ruled that the law governing the procedure for obtaining an order of revivor is primarily found in Rule 25 and that the order entered by the trial court appointing a special administrator and substituting the administrator in Mrs. Deaver's stead was sufficient to revive the action. *Id.* But, this court in *Deaver* further explained as follows:

The case at bar does not concern section 108's time limitation. It is clear from the record that the court's order pursuant to Rule 25 was entered well within one year of Faye Deaver's death. The issue before us is whether the circuit court's order pursuant to Rule 25—which order did not contain the word revivor—was sufficient to revive this action. We hold that it was. Revivor is a procedure used upon the death of a party to a legal proceeding in which a new party is substituted to proceed with the prosecution or defense of the claim. While Rule 25 does not specifically refer to an "order to revive," this rule has governed the method for obtaining an order of substitution upon the death of a party since 1986, when we held that the Arkansas Rules of Civil Procedure superseded the revivor procedures set forth in Ark.Code Ann. § 16–62–105. Rule 25 does not determine whether a cause [of] action survives the death of a party, permit a claim which is otherwise barred by law, or extend the statute of limitations. *See Nix*, 342 Ark. at 653, 30 S.W.3d at 748. It simply governs the procedure for obtaining a substitution of a party upon a party's death where the cause of action survives, the claims in the action are otherwise permitted by law, and the motion is made within the time limits prescribed in Ark.Code Ann. § 16–62–108.

*Id.* at 295, 239 S.W.3d at 531. Thus, both *Deaver* and *Nix* make it clear that while Rule 25 governs the procedure for substituting a party, the statute of limitations found in section 16–62–108 remains in effect.

The Estate is correct in stating that the present situation is distinguishable from *Deaver* and *Nix* insomuch as neither of those cases dealt with the issue of revivor following the death of a personal representative. Thus, we must determine whether compliance with Rule 25 is sufficient when the death at issue is a personal representative and not the injured party. We hold that such compliance alone is not sufficient. The one-year limitation set forth in section 16–62–108 is applicable to the facts of this case. The fact that Mrs. Ausman was a special administrator is a distinction without a difference.

Arkansas law provides that every action is to be prosecuted in the name of the real party in interest. Ark. R. Civ. P. 17(a) (2012). A real party in interest is considered to be the person or corporation who can discharge the claim on which the allegation is based, not necessarily the person ultimately entitled to the benefit of any recovery. *Forrest Constr., Inc. v. Milam*, 345 Ark. 1, 43 S.W.3d 140 (2001). We explained in *Recinos v. Zelk*, 369 Ark. 7, 250 S.W.3d 221 (2007) that the person appointed as the special administrator was the only person who had a right to discharge a claim. Thus, in this case, Mrs. Ausman was the real party in interest and her death abated the action, necessitating its revivor. The procedure for such revivor is set forth in Rule 25, but, as we have explained and as set forth in subsection (e) of Rule 25, the limitations provision of section 16–62–108 remains applicable. Accordingly, the Estate's failure to move for substitution within one year from the time of Mrs. Ausman's death prevents the revivor of the action, and the circuit court properly granted the motion to strike, thereby dismissing the action with prejudice.

The conclusion that the revivor statutes apply in a case where a special administrator dies during the pendency of the litigation is further bolstered by a review of the language in section 16–62–109 regarding a special administrator's powers ceasing "for a period so long that the action cannot be revived." This reference further solidifies the conclusion that the time limitation in section 16–62–108 applies, regardless of whether it is the injured party who dies or a special administrator.

We note that the Estate asserts that this court should not strictly construe section 16–62–108 because to do so deprives the Estate from bringing its claim. Moreover, the Estate argues that if this court strictly construes section 16–62–108 to apply in this case, we should hold that the one-year time limitation begins to run once the procedural prerequisite that is mandated by Rule 25 takes place, i.e., once the suggestion of death upon the record is made. These arguments, however, are being raised for the first time on appeal. It is axiomatic that this court will not consider arguments raised for the first time on appeal. *Boellner v. Clinical Study Ctrs., LLC*, 2011 Ark. 83, 378 S.W.3d 745.

Affirmed.

HART, J., not participating.