ARKANSAS DEPARTMENT of HEALTH and HUMAN SERVICES *v.* The Honorable Vann SMITH

06-06                                                          237 S.W.3d 79

Supreme Court of Arkansas
Opinion delivered June 15, 2006

*Richard B. Dahlgren,* for appellant/petitioner

*Mike Beebe,* Att'y Gen., by: *Patricia Van Ausdall Bell,* Ass't Att'y Gen., for appellee/respondent.

PER CURIAM. Appellant, Arkansas Department of Health and Human Services (DHHS), petitions this court for a Writ of Prohibition or, in the alternative, a Writ of Certiorari, to the Circuit Court of Pulaski County, instructing the court that it is without jurisdiction to grant petitioner's request for an increase of her Medicaid Community Spouse Monthly Income Allowance (CSMIA) and Medicaid Community Spouse Resource Allowance (CRSA), until her husband applies for Medicaid.

After her husband was allegedly injured in the couple's residence, Karen Blaylock petitioned the circuit court for an increase in her CSMIA and CRSA, in anticipation of his applying for Medicaid benefits. In his response, Alan Blaylock urged the court to grant the relief his wife had requested. The Blaylocks contended that the court had jurisdiction to adjust the Medicaid allowances prior to Alan Blaylock's application for Medicaid benefits. DHHS intervened and moved for summary judgment, maintaining that federal law does not create a justiciable claim within the parameters of the Constitution of Arkansas, Amendment 80. The circuit court denied DHHS' motion and determined that it had jurisdiction to hear the couple's request for an increase in the allowances. On January 4, 2006, this petition followed.

On January 12, 2006, briefing commenced on the petition. DHHS alleges two points in support of its petition: (1) that the circuit court does not have subject-matter jurisdiction, and (2) that the proceedings are erroneous and in excess of the jurisdiction of the circuit court. On March 22, 2006, Karen Blaylock filed a motion asking this court to take judicial notice of certain facts, including that her husband, Alan Blaylock, had died on March 12, 2006. No supporting documentation of Alan Blaylock's death was submitted, and no law was cited to support the contention that the case should be revived in the name of Karen Blaylock. Therefore, this court denied the motion without prejudice.

On May 16, 2006, Karen Blaylock provided this court with documentation proving that Alan Blaylock is deceased, and that

she had been lawfully appointed by the circuit court as the executrix/administratrix of his estate. However, the documentation did not include an order of revivor from the circuit court.

Not every case is a proper case for revival. In order to revive an action, certain procedures must be followed. "Revivor shall be by an order of the court that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them." Ark. Code Ann. § 16-62-105(b) (Repl. 2005). The order may be made on the motion of either party. Ark. Code Ann. § 16-62-105(c) (Repl. 2005). The order must contain language suggesting the death of the party and provide the names and capacities of the successor. Ark. Code Ann. § 16-62-105(c).

The parties can agree and the adverse party can consent to the revival of the action. Ark. Code Ann. § 16-62-105(d)(1). If the parties do not agree and the adverse party does not consent to revival, the order of revivor must be served upon the adverse party in the same manner as a summons. Ark. Code Ann. § 16-62-105(d)(2) (Repl. 2005). Following service of the order of revivor, the adverse party has ten (10) days in which to object to revival of the action; otherwise, the action shall stand revived. Ark. Code Ann. § 16-62-105(d)(2).

While Rule 25 of the Arkansas Rules of Civil Procedure illustrates the proper substitution of parties, it does not determine which claims survive the death of a party. Ark. R. Civ. P. 25(e). This matter must be remanded for the lower court to determine whether it is extinguished by the death of Alan Blaylock, or whether revivor is appropriate. If the matter is revived, the case would be styled as Karen Blaylock, the surviving spouse of Alan Blaylock, versus Karen Blaylock, Executrix of the Estate of Alan Blaylock, unless the trial court, upon the motion of any interested party, decides to appoint a special administrator for Alan Blaylock, consistent with Ark. Code Ann. § 16-62-106(a) (Repl. 2005) and Ark. R. Civ. P. 25(a)(3). DHHS' petition to this court will be rendered moot unless the circuit court decides to issue an order of revivor. Therefore, this matter is remanded to the trial court for findings consistent with this opinion.

Remanded.

HANNAH, C.J., dissenting.

J IM HANNAH, Chief Justice, dissenting. I must respectfully dissent. There is no need to remand this matter to the circuit court. Karen Blaylock sued in circuit court seeking an increase in her Medicaid Community Spouse Monthly Income Allowance and Medicaid Community Resource Allowance. Her assertion of a right to an increase in these allowances was predicated upon her husband Alan's qualification for Medicaid assistance. Karen named Alan as the defendant in the action in circuit court; however, she has sought an increase in payment from Medicaid throughout the pendency of this matter. Alan passed away in March of this year, and Karen was appointed executor of his estate and substituted in as the defendant under Ark. R. Civ. P. 25. However, Alan's death changed nothing. Karen was still seeking an increase in payment from Medicaid. No cause of action was extinguished by Alan's death. There was no cause of action to revive as a result of Alan's death. The parties are entitled to a timely decision on this matter, and this court should proceed without further action below.