## ARKANSAS DEPARTMENT of HEALTH and HUMAN SERVICES *v.* The Honorable Vann SMITH

06-6                                                          255 S.W.3d 870

### Supreme Court of Arkansas
### Opinion delivered April 30, 2007

*Richard Barthold Dahlgren*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Patricia Bell*, Ass't Att'y Gen., for appellee.

PER CURIAM. The Arkansas Department of Health and Human Services (DHHS), petitions this court for a writ of prohibition or, in the alternative, a writ of certiorari, to the Circuit Court of Pulaski County, instructing the court that it is without jurisdiction to grant Karen Blaylock's request for an increase of her Medicaid Community Spouse Monthly Income Allowance (CSMIA) and Medicaid Community Spouse Resource Allowance (CRSA), until her husband applies for Medicaid.

After her husband, Alan Blaylock, was allegedly injured in the couple's residence, Karen petitioned the circuit court for an increase in her CSMIA and CRSA in anticipation of Alan's applying for Medicaid benefits. In his response, Alan urged the court to grant the relief his wife had requested. The Blaylocks contended that the court had jurisdiction to adjust the Medicaid allowances prior to Alan's application for Medicaid benefits. DHHS intervened and moved for summary judgment, maintain-

ing that federal law does not create a justiciable claim within the parameters of Amendment 80 of the Arkansas Constitution. The circuit court denied DHHS's motion, determining that it had jurisdiction to hear the couple's request for an increase in the allowances.

On January 4, 2006, this petition followed. On May 16, 2006, Karen provided this court with documentation that Alan had passed away and that she had been lawfully appointed by the circuit court as administratix of his estate. However, the documentation did not contain an order of revivor from the circuit court. We remanded the matter to the circuit court in order to determine whether such an order was appropriate. *See Ark. Dep't of Human Servs. v. Smith*, 366 Ark. 584, 237 S.W.3d 79 (2006) (per curiam).

The circuit court subsequently determined that Alan's death did not extinguish the cause of action and that revivor was appropriate. DHHS, joined by Karen, then asked this court to reinstate the petition. We granted the motion to reinstate the petition to this court's active docket on April 5, 2007, and directed the parties to supplement the record with the order of the circuit court on remand within fifteen days of that date, stating that we would "decide the case on the original briefs." *See Ark. Dep't of Human Servs. v. Circuit Ct. of Pulaski County*, 369 Ark. 345, 254 S.W.3d 726 (2007) (per curiam).

■ The case is now back before us, but we are unable to consider the merits of the petition at this time. In its brief, DHHS states that this is an action for extraordinary relief, and "[t]he record does not contain testimony. The matter [was] submitted on the pleadings. No abstract is necessary." However, the trial court held a hearing in this matter. Although no testimony was taken, the parties' attorneys nonetheless offered the trial court extensive arguments on the pertinent issues, and the circuit court's order specifically references the hearing that was held on July 27, 2005.

Arkansas Supreme Court Rule 4-2(a)(5) requires an appellant's abstract to contain "such material parts of the . . . colloquies between the court and counsel . . . as are necessary to an understanding of all questions presented to the court for decision." DHHS failed to abstract the hearing held in the circuit court. Arkansas Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief. The rule provides as follows:

Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup. Ct. R. 4-2(b)(3) (2006).

We hereby order DHHS to submit a substituted brief that contains an abstract of the July 27, 2005 hearing. DHHS is directed to file the substituted brief within fifteen days from the entry of this order. Mere modifications of the original brief will not be accepted. See Ark. Sup. Ct. R. 4-2(b)(3). According to Rule 4-2(b)(3), if DHHS fails to file a complying abstract and addendum within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Rebriefing ordered.