John H. WILSON and Martha Wilson  *v.*  LINCARE, INC.
and United Medical, Inc.

CA 07-812                                      288 S.W.3d 708

Court of Appeals of Arkansas
Opinion delivered October 29, 2008

*Compton, Prewett, Thomas & Hickey, LLP,* by: *F. Mattison Thomas, III,* for appellant.

*Wright, Lindsey & Jennings, LLP,* by: *Kyle R. Wilson,* for appellees.

SARAH J. HEFFLEY, Judge. This is an appeal from an order dismissing a tort complaint that was styled in the names of John H. Wilson and Martha Wilson as plaintiffs, which was brought after a previous nonsuit of a federal court case that had been filed in the same names. Appellants contend that, despite Mr. Wilson's death during the pendency of the first action, it was procedurally necessary to have filed this second suit in the same names of those who brought the first suit, in order to take advantage of the savings statute. Based on this argument, appellants contend that dismissal was inappropriate. We find no error and affirm.

On April 15, 2004, John H. Wilson and his wife, Martha, filed a complaint against appellees Lincare, Inc. and United Medi-

cal, Inc., alleging that appellees negligently supplied Mr. Wilson, a terminally-ill cancer patient, with a pain pump that did not function properly. Damages were claimed for Mr. Wilson's mental anguish and pain and suffering, and for Mrs. Wilson's loss of consortium. Appellees subsequently removed the case to federal court. However, Mr. Wilson passed away on October 22, 2004, and Mrs. Wilson was appointed as the administratrix of his estate on November 22, 2004. A voluntary nonsuit was taken in the federal court by the entry of an order dismissing the case without prejudice on November 29, 2004.

The present action was filed in circuit court on November 28, 2005, asserting the same cause of action. Although Mr. Wilson had died and Mrs. Wilson had been appointed the administratrix of his estate, the plaintiffs in the case were again named as "John H. Wilson and Martha Wilson, husband and wife." Appellees subsequently moved to dismiss the complaint because Mr. Wilson's cause of action had not been brought by the administratrix of his estate. Appellees also asserted that Mrs. Wilson's claim for loss of consortium must be dismissed because it was derivative of Mr. Wilson's cause of action. The trial court agreed with appellees' position and dismissed the complaint with prejudice. Appellants bring this appeal from the trial court's order of dismissal.

For reversal, appellants contend that in order to take advantage of the one-year savings statute found at Ark. Code Ann. § 16-56-126 (Repl. 2005), they were required to refile the cause of action in the same names of the plaintiffs who had brought the first cause of action. They contend that, once the complaint was refiled, the proper procedure was to substitute the administratrix of Mr. Wilson's estate for Mr. Wilson pursuant to Ark. R. Civ. P. 25. Appellants cite the supreme court's decision in *Deaver v. Faucon*, 367 Ark. 288, 239 S.W.3d 525 (2006), in support of their position.

In *Deaver*, Faye Deaver and her son filed a breach-of-contract and negligence complaint against the various defendants. While the case was pending, Faye Deaver died, and a motion was filed pursuant to Rule 25 for the appointment of a special administrator and for an order substituting the administrator for Faye Deaver as a party plaintiff. The trial court entered an order granting those requests but later dismissed the complaint on the defendants' motion because an order of revival had not been obtained pursuant to the revivor statute, Ark. Code Ann. § 16-62-108 (Repl. 2005). The issue before the supreme court was whether the order entered pursuant to Rule 25 was sufficient to revive an

action under the revivor statute. The supreme court observed that the revival of an action is a matter of procedure, as the term "revivor" is a procedure used upon the death of a party to a legal proceeding in which a new party is substituted to proceed with the prosecution or defense of the claim. The court ruled that the law governing the procedure for obtaining an order of revivor is primarily found in Rule 25 and that the order entered by the trial court appointing a special administrator and substituting the administrator in Ms. Deaver's stead was sufficient to revive the action.

In the case at bar, the trial court reasoned that the law on revivor was not applicable because this case did not necessarily concern the substitution of parties in a pending action, but rather it involved the commencement of a new action subsequent to a nonsuit that was taken after a party died. We agree that *Deaver* is not directly on point. Here, no effort was made to revive the claim in federal court where Mr. Wilson's claim was pending when he passed away.

Appellees defend the trial court's decision with an argument based primarily on *Recinos v. Zelk*, 369 Ark. 7, 250 S.W.3d 221 (2007). In that case, a wrongful-death lawsuit was filed on behalf of all statutory beneficiaries and heirs at law of the decedent. Subsequent to the filing of the complaint, a special administrator was appointed for the decedent's estate. Later on, a nonsuit was taken; however, the special administrator was not substituted as the plaintiff prior to the nonsuit. Styled in the same way as the previous action, the case was refiled within one year under the savings statute. The appellees filed a motion to dismiss because the case was not brought in the name of the special administrator, as required by the wrongful-death statute, Ark. Code Ann. § 16-62-102(b) (Repl. 2005). In response, the appellants argued that the savings statute required the case to be refiled in the same names as the previous lawsuit, citing *Smith v. St. Paul Fire & Marine Ins. Co.*, 76 Ark. App. 264, 64 S.W.3d 764 (2001). The trial court granted the motion to dismiss.

On appeal, the supreme court affirmed the trial court's decision. First, the court recognized the previous opinions of our courts holding that the wording of the savings statute required that the plaintiff, who refiles a case after a non-suit, must be the same party who brought the case that resulted in the nonsuit. *See Murrell v. Springdale Memorial Hosp.*, 330 Ark. 121, 952 S.W.2d 153 (1997); *Smith v. St. Paul Fire & Marine Ins. Co.*, *supra*. However, the court

held that, once a personal representative was appointed, the personal representative became the real party in interest and was the only party who could file a wrongful-death suit under the wrongful-death statute. The court then ruled that, because the special administrator was not substituted as the party plaintiff prior to the previous nonsuit, the heirs at law had no authority to refile the complaint. Thus, the rule that emerges from the supreme court's decision is that, in wrongful-death cases where the real party in interest changes before a nonsuit is taken, the real party in interest must be substituted prior to the nonsuit in order to subsequently take advantage of the savings statute.

Though *Recinos* is not on all fours with the present case, its teaching is instructive and applies by analogy. Here, Mr. Wilson died and a personal representative was appointed for his estate during the pendency of the federal lawsuit, yet the personal representative was not substituted for him prior to the taking of a nonsuit dismissing the case without prejudice. Although *Recinos* was decided with an eye toward the wrongful-death statute, which is not applicable here, the statute governing this case suggests the same result. Arkansas Code Annotated section 16-62-101(a)(1) (Repl. 2005), our survival statute, provides that for "wrongs done to the person . . . , an action may be maintained against a wrongdoer, and the action may be brought by the person injured or, *after his or her death, by his or her executor or administrator against the wrongdoer.*" Thus, the statute requires that post death the survival claim must be asserted by the personal representative.

Mr. Wilson filed his claim for personal injuries before he died. Therefore this case does not involve the post-death assertion of a claim governed only by the survival statute. This issue involves revivor as well as substitution. Mr. Wilson's administratrix should have followed the substitution process found in Rule 25 of the Federal Rules of Civil Procedure and thereby revived the case in her capacity as administratrix in federal court. Instead, she dismissed.

■ Based on Rule 25 and the survival statute, the trial court acted correctly in dismissing the refiled case. Mr. Wilson died and an administratrix was appointed for his estate during the pendency of the federal action. Upon his death and with the appointment of the administratrix, the real party in interest became the administratrix of his estate, but no substitution was made before the federal case was nonsuited. His claim abated and was never revived. Consequently, appellants cannot benefit from the

savings statute, and the trial court properly dismissed the complaint with prejudice, because the claim is now time barred.

Affirmed.

PITTMAN, C.J., and MARSHALL, J., agree.