ROBIN F. WYNNE, Associate Justice 11 Robin Emis appeals the Pulaski County Circuit Court’s change-of-custody award in favor of her ex-husband, appellee Keith Emis, and she also challenges the circuit court’s denial of her motion to recuse, the award of attorney’s fees to the attorney ad litem and to Keith’s counsel, the striking of an affidavit is support of her recusal motion, and the denial of her motion to vacate the appointment of the attorney ad litem. This case is before us following our grant of a petition for review after our court of appeals affirmed without reaching the merits based on its findings that (1) the notice of appeal was fatally deficient as to the custody issues for failing to designate the final custody order, (2) any discussion of the recusal issue would be advisory because Robin never requested that the custody award be vacated or set aside due to bias, and (3) the remaining issues lacked argument or citation to authority. Emis v. Emis, 2016 Ark. App. 369, 2016 WL 4541891. We conclude that the notice of appeal | ¡¡substantially complies with our rules and therefore does confer appellate jurisdiction, and we vacate the court of appeals opinion and remand to the court of appeals for further consideration. The parties divorced in September 2011, when their twin boys were twenty-two months of age. Robin was awarded custody, and Keith was awarded visitation. On September 5, 2014, the circuit court entered an agreed order modifying support, custody, and visitation, which was nunc pro tunc to May 1, 2012. That agreed order provided that “the parties have joint physical custody of the minor(s), with legal custody vested in Plaintiff Robin Emis.” Thereafter, both parties sought an award of primary custody, and Robin requested the court’s permission to relocate with the children to Florida. A three-day hearing was held, and the court entered its “Findings of Fact and Conclusions of Law” on August 14, 2015, which included construing the agreed order as creating a true joint custody arrangement, denying Robin’s request to relocate, modifying custody to Keith, setting a visitation schedule and child support payments, and directing Keith’s counsel to draft the final order. The resulting order was entered on August 27, 2015. The August 27 order states that it “supersedes and replaces” all previous custody and support orders entered in this case. Posttrial, the court decided issues of attorney’s fees and costs and Robin’s motion for recusal. On September 9, 2015, Robin filed a notice of appeal stating that she was appealing from the “Findings of Fact and Conclusions of Law Order entered in this case on August 14, 2015.” On November 17, 2015, she filed an amended notice of appeal, and on December 18, 2015, she filed a second amended notice of appeal, both of which designated additional, Rposttrial orders. The court of appeals found that Robin’s failure to properly designate the August 27 final order awarding custody to Keith divested that court of jurisdiction to decide the issues on appeal relating to the custody hearing or the trial court’s custody determination. This court granted Robin’s petition for review. Regarding Robin’s failure to designate the August 27 custody order in her notice of appeal, we hold that her notice of appeal substantially complies with our rules. Here, the final, appealable custody order was clearly the August 27 order. Rule 3(e) of the Arkansas Rules of Appellate Procedure—Civil provides that a notice of appeal shall “designate the judgment, decree, order or part thereof appealed from.” Ark. R. App. P.—Civ. 3(e)(ii) (2016). While the filing of a notice of appeal is jurisdictional, this court has required only substantial compliance with the procedural steps set forth in Rule 3(e). Jewell v. Moser, 2012 Ark. 267, 2012 WL 2149758 (citing cases). This coupt has said that a notice of appeal that fails to designate the judgment or order appealed from as required under Rule 3(e) is deficient, but such a defect is not necessarily fatal to the notice of appeal where it is clear which order the appellant is appealing, and the notice of appeal was filed timely as to that order. Id. Recently, this court held that a notice of appeal that failed to designate the final order nonetheless substantially complied with Rule 3(e) as follows: Here, the notice of appeal is technically deficient because it does not designate the final judgment that awarded monetary damages to appellees, which is the only final, appealable order in the record, as the order appealed from. Although the notice of appeal states that Mann is appealing from the order granting partial summary judgment, which was entered over a year before the notice of appeal was filed, and does not reference the final judgment, the summary-judgment order was not a final, appealable order, and no appeal could be taken from that order until the final judgment was entered by the circuit court. The notice of appeal was filed within thirty days of entry of the final judgment. We hold that the notice of appeal substantially complies with Rule 3(e), as appellant appealed from the summary | Judgment order at the first available opportunity, filed a notice that was timely as to the final judgment, and there was no prejudice to appellees due to the failure of the notice to reference the final judgment. Mann v. Pierce, 2016 Ark. 418, at 4, 505 S.W.3d 150, 153. Here, the extensive findings of fact and conclusions of law are incorporated and set out in the final order (and constitute the bulk of the final order),[1] and it is those findings and conclusions that Robin challenges on appeal in her arguments regarding custody. Because the notice of appeal was timely as to the final order and because there was no prejudice to the appellee from the failure to reference the final order, we hold that the notice substantially complies with Rule 3(e) and is therefore not fatal to appellate jurisdiction. Accordingly, having decided that threshold issue, we remand the appeal to the court of appeals for further consideration. See Kelly v. Kelly, 2016 Ark. 72, 483 S.W.3d 296. Court of appeals opinion vacated; remanded to the court of appeals for further consideration. Wood, J., dissents. . The final order expands the child-support and visitation provisions, as well as adding a counseling and co-parenting class requirement,