RITA W. GRUBER, Chief Judge
Kevin Garrett, as executor of his mother Lottie White's estate (Garrett), appeals from the circuit court's order dismissing his lawsuit against appellees Progressive Eldercare Services - Saline, Inc., et al.[1] The issue on appeal is whether the savings statute extends the limitations period for Garrett's lawsuit. Ms. White passed away while her lawsuit against appellees was pending; the case was nonsuited; and Garrett, as Ms. White's executor, filed a new lawsuit. Garrett contends that he was entitled to the benefit of Ms. White's nonsuit and that his subsequent refiling pursuant to the savings statute cured the "procedural defect" of his failure to revive the action within one year of Ms. White's death. We disagree with Garrett and affirm the circuit court's order dismissing his case.
Garrett filed this lawsuit, in his capacity as the executor of Ms. White's estate, on February 7, 2018, alleging that his mother had been raped while a resident of Heartland Rehabilitation and Care Center, a nursing home owned and operated by appellees, and requesting damages on her behalf. On February 20, 2018, appellees filed a motion to strike and dismiss the complaint. They contended that Ms. White *429 had filed a lawsuit before her death seeking damages for injuries she allegedly suffered at Heartland and had passed away while that lawsuit was pending. They argued that her claims abated at her death and had never been revived as required by Rule 25 of the Arkansas Rules of Civil Procedure. Mr. Garrett, as attorney-in-fact for Ms. White in that lawsuit, had voluntarily dismissed her claims without accomplishing a substitution or reviving her cause of action. Appellees also contended that Garrett, her executor, had failed to file a new action within one year of Ms. White's death as authorized by Ark. Code Ann. § 16-56-117 (Repl. 2005). They argued that the claims were therefore time barred and must be dismissed. An affidavit of their attorney was attached to the motion, which set forth the essential timeline of Ms. White's previous lawsuit and stated that appellees did not consent to revivor of the abated claims. They also attached pleadings and the court's order of voluntary dismissal from Ms. White's previous case.
Garrett responded admitting that Ms. White had previously pursued the claims he was asserting. He claimed, however, that she had voluntarily nonsuited those claims on January 25, 2018, and that he had an absolute right to refile that action within one year from the nonsuit pursuant to the savings statute, specifically Ark. Code Ann. § 16-56-126(b).
The circuit court held a hearing on appellees' motion on May 2, 2018, and entered an order dismissing Garrett's complaint on May 17. The court recognized that its order was based on pleadings, arguments of counsel, and exhibits presented. Garrett filed this timely appeal.
Because the circuit court considered matters outside the pleadings, we will treat the motion to dismiss as one for summary judgment. Matsukis v. Joy , 2010 Ark. 403, at 8, 377 S.W.3d 245, 250. Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Sykes v. Williams , 373 Ark. 236, 239-40, 283 S.W.3d 209, 213 (2008). In this case, the parties do not dispute the essential facts. When there are no disputed facts, our review must focus on the circuit court's application of the law to the facts. Pulaski Choice, L.L.C. v. 2735 Villa Creek, L.P. , 2010 Ark. App. 451, at 7, 376 S.W.3d 500, 504.
Here, the grant of summary judgment was based on the circuit court's interpretation of various statutes. The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. Evans v. Hamby , 2011 Ark. 69, at 4, 378 S.W.3d 723, 727. It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. Sw. Energy Prod. Co. v. Elkins , 2010 Ark. 481, at 5, 374 S.W.3d 678, 681. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Miss. River Transmission Corp. v. Weiss , 347 Ark. 543, 550, 65 S.W.3d 867, 872-73 (2002). The basic rule of statutory construction is to give effect to the intent of the General Assembly. Thomas v. Hall , 2012 Ark. 66, at 5, 399 S.W.3d 387, 390. Moreover, statutes relating to the same subject should be read in a harmonious manner if possible. Thomas v. State , 349 Ark. 447, 454, 79 S.W.3d 347, 351 (2002). In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole.
*430 Standridge v. State , 2014 Ark. 515, at 9, 452 S.W.3d 103, 109. Finally, we seek to reconcile statutory provisions to make them consistent, harmonious, and sensible. Brock v. Townsell , 2009 Ark. 224, at 9, 309 S.W.3d 179, 186.
The parties do not dispute the underlying facts in this case. Garrett's mother, Lottie White, was a resident of Heartland Rehabilitation and Care Center from July 27 until August 3, 2012. While a resident, Ms. White was raped. On November 7, 2013, Ms. White-through her attorney-in-fact, Mr. Garrett-filed a lawsuit against appellees to recover for her injuries. Ms. White passed away on September 11, 2014, while the lawsuit was pending. Garrett, Ms. White's only child, was appointed executor of her estate on December 18, 2017. Garrett did not inform counsel of Ms. White's death until January 2018, at which time counsel filed a motion to substitute Garrett, the executor, as the plaintiff pursuant to Ark. R. Civ. P. 25. Appellees objected and moved to dismiss the complaint because Ms. White's claim had abated and had not been timely revived in accordance with Ark. Code Ann. § 16-62-108 (Repl. 2005), which requires the consent of the defendant to revive an action more than one year after the plaintiff's death. Before the court ruled on the motion, plaintiff's counsel filed a motion to nonsuit the case, which the court granted, entering an order of voluntary dismissal on January 25, 2018.
An overview of the relevant law is necessary to understand this case. When a plaintiff who is pursuing an action dies while the action is pending, the plaintiff's death abates the action. See, e.g. , Ausman ex rel. Estate of Ausman v. Hiram Shaddox Geriatric Center , 2013 Ark. 66, at 9, 426 S.W.3d 379, 385. A cause of action that has abated cannot be revived or continued unless it survives. Nash v. Nash , 2019 Ark. App. 173, at 6, 574 S.W.3d 171, 176. In addition, the burden to have the action properly revived is on the plaintiff or other party seeking relief from the court. Id. The parties do not dispute that Ms. White's cause of action survived her death. The issue is whether Garrett properly "revived" these claims. When the claims survive the decedent's death, the decedent's appropriate representatives or successors have two options to pursue the claims. First, the representative may move for an order of substitution in the abated action in order to proceed with the prosecution of the decedent's claims. Rule 25 of the Arkansas Rules of Civil Procedure governs orders of substitution upon the death of a party in a pending case. Ark. R. Civ. P. 25 (2018); see also Deaver v. Faucon Props., Inc. , 367 Ark. 288, 239 S.W.3d 525 (2006). Rule 25 is limited by Arkansas Code Annotated section 16-62-108, which does not allow an action to be revived "without the consent of the defendant after the expiration of one (1) year from the time when the order might first have been made." Ark. Code Ann. § 16-62-108. The second option is for the decedent's representative to "commence a new action." Ark. Code Ann. § 16-56-117(c)(1). Again, this new action must be commenced "within one (1) year after the death of the plaintiff." Id.
Here, Garrett pursued neither of these options; this is not in dispute. He argues, however, that this case presents an exception to those requirements because the plaintiff nonsuited her case, which he argues entitled him to pursue an action within one year of the nonsuit pursuant to subsection (b) of the savings statute. That statute provides in pertinent part as follows:
(a)(1) If any action is commenced within the time respectively prescribed in this act, in §§ 16-116-101 -- 16-116-107, in §§ 16-114-201 -- 16-114-209, or in *431 any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.
....
(b) If the cause of action survives to the plaintiff's heirs or to his or her executors or administrators, they may in like manner commence a new action or take out a mandate within the time allowed the plaintiff.
Ark. Code Ann. § 16-56-126.
Garrett argued in the circuit court, and he argues here, that a person has an absolute right to nonsuit a case and refile it pursuant to the savings statute, which process allows the plaintiff to "overcome all manner of litigation defects" in situations that would otherwise require a dismissal. He correctly acknowledges that the only prerequisite necessary for a plaintiff to claim protection from the savings statute is to file a complaint within the relevant statute of limitations and complete timely service on the defendant. See, e.g. , Rettig v. Ballard , 2009 Ark. 629, at 4, 362 S.W.3d 260, 263. Here, Ms. White, by and through her attorney-in-fact, met that requirement. Garrett contends that the subsequent nonsuit of his mother's case thus triggered the savings statute. He argues that pursuant to subsection 126(b), he, as her executor, may "in like manner commence a new action ... within the time allowed" to Ms. White.
We interpreted the effect of the savings statute in a similar situation in Wilson v. Lincare, Inc. , 103 Ark. App. 329, 288 S.W.3d 708 (2008). In Lincare , John H. Wilson and his wife, Martha, filed a complaint against Lincare, Inc., and United Medical, Inc., alleging that they negligently supplied Mr. Wilson, a terminally ill cancer patient, with a pain pump that did not function properly. Damages were claimed for Mr. Wilson's mental anguish and pain and suffering and for Mrs. Wilson's loss of consortium. Mr. Wilson passed away while the case was pending, Mrs. Wilson was appointed as the administratrix of his estate, and a voluntary nonsuit was taken. The new action was then filed within a year of the nonsuit by "John H. Wilson and Martha Wilson, husband and wife." We held that the claims were time-barred and that the savings statute did not apply. Id. at 332-33, 288 S.W.3d at 710-11. We held that if a claimant dies while his lawsuit for personal injuries is pending, the claimant's appropriate representative must be substituted as plaintiff pursuant to Rule 25 before nonsuiting the case in order to get the benefit of the savings statute. Id. Garrett attempts to distinguish Lincare from this case, arguing that he filed the new action as the executor of Ms. White's estate rather than in his mother's name or his own name. He contends that we did not interpret subsection 126(b) of the savings statute in Lincare , which he argues clearly applies to this case.
We disagree and hold that the savings statute does not apply to the facts of this case.[2] First, the premise of Garrett's argument is incorrect. He contends that the plaintiff, Ms. White, nonsuited her case. Ms. White, through her attorney-in-fact, did not nonsuit her case. Rather, she passed away while her case was still pending.
*432 At that point, her case abated. Garrett is correct that her case was, in fact, nonsuited, but not by her. This fact is critical to his case. That he happened to be serving as her attorney-in-fact in her lawsuit does not change the nature of that action. The action abated before a nonsuit was taken. Thus, subsection 126(a), which allows a plaintiff who nonsuits his or her case to "commence a new action within one (1) year after the nonsuit suffered" simply is not applicable, and thus subsection 126(b), which allows a plaintiff's representatives to "in like manner commence a new action ... within the time allowed the plaintiff" when a claim survives, does not apply. Subsection 126(b) applies when the plaintiff first nonsuits her case and subsequently passes away. In that situation, there is no pending and abated lawsuit to revive. Subsection 126(b) allows the decedents' successors to essentially stand in the plaintiff's shoes for purposes of the savings statute. That is not the case here. As we stated in Lincare , when the plaintiff passes away while prosecuting the plaintiff's claims, the real party in interest must be substituted prior to the nonsuit in order to take advantage of the savings statute.
Moreover, to interpret Ark. Code Ann. § 16-56-126(b) as suggested by Garrett would render meaningless both Ark. Code Ann. § 16-62-108 and Ark. Code Ann. § 16-56-117(c)(1) -requiring survival claims to be revived within one year when a pending action has abated by reason of the plaintiff's death. Further, Rule 25(e) specifically provides that the rule "in no way" allows a claim to be maintained that is otherwise barred by limitations. Ark. R. Civ. P. 25(e). When multiple statutes pertain to the same subject matter, we seek to reconcile the statutory provisions to make them consistent, harmonious, and sensible. Brock , 2009 Ark. 224, at 9, 309 S.W.3d at 186.
Accordingly, we affirm the circuit court's order dismissing Garrett's complaint with prejudice.
Affirmed.
Virden and Hixson, JJ., agree.

Appellees include Progressive Eldercare Services - Saline, Inc., d/b/a Heartland Rehabilitation and Care Center; Progressive Eldercare Services, Inc.; Procare Therapy Services, LLC; JEJ Investments, LLC; Ponthie Holdings, LLC; Southern Administrative Services, LLC; CarePlus Staffing Services, LLC; John Ponthie; Ross Ponthie; Mark Thompson; and Earnest Johnson, in his capacity as administrator of Heartland Rehabilitation and Care Center. We refer to them herein as "appellees."

Our disposition is not intended to minimize the gravity of the underlying allegations in this case.