Cite as 2020 Ark. App. 540

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-18-620

| | |
|---|---|
| JOSEPH LUCAS, AN INDIVIDUAL; GLEN LUCAS, AN INDIVIDUAL; ROBERT LUCAS, AN INDIVIDUAL; BARBARA JOHNSON, AN INDIVIDUAL; THOMAS LUCAS, AN INDIVIDUAL; AND DAVID ABBOTT, AN INDIVIDUAL<br><br>APPELLANTS<br><br>V.<br><br>WASHINGTON COUNTY; PAMELA VITKO, AS PERSONAL REPRESENTATIVE AND ON BEHALF OF THE LAURA LEE BRODERICK ESTATE; CECILY LENNARD LUCAS, AS PERSONAL REPRESENTATIVE AND ON BEHALF OF THE JOHN P. LUCAS ESTATE; AND VICTORIA GILBERTIE<br><br>APPELLEES | **Opinion Delivered:** December 2, 2020<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-17-1358]<br><br>HONORABLE DOUG MARTIN, JUDGE<br><br>REVERSED AND REMANDED WITH INSTRUCTIONS; MOTION TO DISMISS THE APPEAL DENIED |

**BART F. VIRDEN, Judge**

This appeal involves a dispute over an estate that escheated to Washington County. Two groups of the decedent's cousins filed petitions seeking to claim a share of the estate. The circuit court dismissed the petition of one group of cousins—referred to as the Lucas heirs[1]—and divided the estate among the remaining cousins—referred to as the Broderick heirs.[2] The

---

[1]This group consists of appellants Joseph Lucas, Glen Lucas, Robert Lucas, Barbara Johnson, Tom Lucas, and David Abbott.

[2]Appellees Laura Broderick, Cecily Lucas, and Victoria Gilbertie. Broderick died on 14 January 2018, during the pendency of this case. Her estate was substituted as a party by order entered on 20 April 2018.

dispositive issue is whether the Lucas heirs properly effected service on Washington County. We hold that they did and reverse the circuit court's dismissal order and remand for further proceedings consistent with this opinion. We also deny the Broderick heirs' motion to dismiss the appeal.

I. *Facts & Procedural History*

The decedent, Carl John Smith, died intestate on July 20, 2010, leaving an estate worth approximately $822,000. Because he had no spouse or immediate descendants, an order declaring the funds escheated to Washington County was entered in April 2012.

Approximately five years after Smith's death, it was discovered that he had four first cousins. Two of those cousins, Laura Broderick[3] and John P. Lucas, survived him. John P. Lucas died in 2016 and was survived by his wife, appellee Cecily Lucas; and two grandchildren from a prior marriage, appellant David Abbott and Christine Alexander, a nonparty. John P. Lucas's estate was administered in Florida, and his will left his entire estate to his widow, Cecily.

The remaining first cousins, Joseph E. Lucas and Robert J. Lucas, did not survive Smith's death. They were survived, however, by their own children: appellants Joseph Lucas, Glen Lucas, Robert Lucas, Barbara Johnson, and Tom Lucas; and appellee Victoria Gibertie.[4]

Broderick was the first to file her petition seeking her share of the decedent's estate on May 16, 2017. On July 19, 2017, Gilbertie and Cecily Lucas filed separate petitions seeking their shares of the decedent's estate. None of the Broderick heirs specified the share of the estate they

---

[3]Broderick died on January 14, 2018, during the pendency of the case below. Her estate was substituted as a party by order entered on April 20, 2018.

[4]Joseph Lucas, Glen Lucas, and Robert Lucas are the children of Joseph E. Lucas. Tom Lucas, Johnson, and Gilbertie are the children of Robert J. Lucas.

2

were seeking. Nor did they mention the petition filed by the Lucas heirs or serve their petitions on them. Each Broderick heir filed a proof of service stating that service of the petition was effected on the prosecuting attorney by certified mail, restricted delivery and claimed personally by the prosecutor.

On July 3, 2017, the Lucas heirs filed their petition seeking their per stirpes share of the decedent's estate. The Lucas heirs' petition mentioned Broderick and her petition but did not make her a party or serve their petition on her. The Lucas heirs did not attempt to serve their petition on the prosecuting attorney as required by the escheat statutes. Their failure to do so lies at the heart of this appeal.

Washington County filed a response to each petition through its county attorney without objecting to service or jurisdiction, admitting the allegations about the decedent's estate but denying the other material allegations.

The four petitions were consolidated into the case filed by the Lucas heirs by order entered on November 3, 2017. After the court consolidated the cases, the Broderick heirs sought to intervene in the Lucas heirs' case, claiming intervention of right because all parties were claiming an interest in the decedent's estate. The Lucas heirs responded to the motion to intervene arguing that it was untimely and should be denied because the Lucas heirs were seeking only 5/12ths of the decedent's estate and not any portion of the estate to which the Broderick heirs were entitled.[5]

---

[5]During the oral arguments on the Broderick heirs' motion to intervene, their attorney stated that the Broderick heirs were claiming all the decedent's estate that escheated to the county.

The circuit granted the motion to intervene, finding that the Broderick heirs had a right to intervene because they were also claiming an interest in the decedent's estate. The court further found that permissive intervention would have also been proper and that, in either case, the motion was timely, and the Lucas heirs would not be prejudiced by the intervention.

The Broderick heirs filed a motion to dismiss the Lucas heirs' petition due to the Lucas heirs' failure to serve the prosecuting attorney pursuant to Arkansas Code Annotated section 28-13-110 (Repl. 2012). The Broderick heirs argued that section 28-13-110 should be strictly construed and that the failure to serve the prosecutor as required in subsection (a)(1)(b) resulted in the petition being a nullity and the circuit court lacking subject-matter jurisdiction over the Lucas heirs' claims.

The Lucas heirs responded to the motion to dismiss, arguing that the circuit court had subject-matter jurisdiction, which is determined by the pleadings. They further argued that Washington County accepted service or waived service by filing an answer. The Broderick heirs filed a reply to the Lucas heirs' response.

The Broderick heirs also filed a motion for judgment on the pleadings. The motion argued that they had complied with section 28-13-110, that the statute required service of the petition on the prosecuting attorney, that the prosecutor had not filed an answer, and that the county had filed an answer stating that it had no means of denying their claims. The motion did not mention the Lucas heirs or their petition in any way.

On January 23, 2018, the circuit court granted the motion to dismiss, dismissing the Lucas heirs' petition with prejudice. The order did not explain the court's reasoning but simply stated that the court had reviewed the Broderick heirs' motion and brief, the Lucas heirs'

4

response and brief, and the Broderick heirs' reply brief. The Lucas heirs filed a notice of appeal from the order granting the motion to dismiss on January 24.

The Lucas heirs timely filed a motion for reconsideration, arguing that if dismissal was warranted, it should be without prejudice. The motion further argued that the court had the authority to correct mistakes and that the court should allow a dismissal without prejudice so the Lucas heirs could have the advantage of the savings statute. Attached to the motion was an affidavit from Brian Lester, the county attorney, stating that he had accepted service of the Lucas heirs' petition on behalf of Washington County.

In their response to the motion for reconsideration, the Broderick heirs argued that dismissal of the Lucas heirs' petition with prejudice was not an error or a miscarriage of justice; rather, they argued that dismissal with prejudice was required where there was no compliance with the statutory service requirements and no birth certificates or other proof of the Lucas heirs' relationship with the decedent were attached to the petition.

On March 7, 2018, the circuit court granted the Lucas heirs' motion for reconsideration, vacated the January order of dismissal, and dismissed the Lucas heirs' petition without prejudice to allow them to refile their petition under that savings statute.

On April 6, 2018, the Broderick heirs filed their own motion for reconsideration, asking the circuit court to reconsider the order granting the Lucas heirs' motion for reconsideration. The Broderick heirs argued that dismissal with prejudice was required because the Lucas heirs never timely commenced their original claim because they never attempted or completed service on the prosecuting attorney as required under section 28-13-110. They further argued that because the Lucas heirs never timely commenced their action before the statute of limitations expired, the circuit court lacked jurisdiction over the Lucas heirs' claim.

5

On April 23, 2018, the Lucas heirs responded to the Broderick heirs' motion. In their response, they asserted that the merits of the law required that the dismissal be without prejudice so that they could have the benefit of the savings statute.

The circuit court granted the Broderick heirs' motion for reconsideration without explanation on April 25, 2018. This time the dismissal of the Lucas heirs' petition was with prejudice.

The Lucas heirs filed their notice of appeal from the dismissal with prejudice on April 27, 2018.

The circuit court entered judgment on the pleadings in the Broderick heirs' cases on June 22, 2018. That order awarded Broderick and Cecily Lucas $352,339.65 each and Gilbertie $117,446.63 from the decedent's estate. The Lucas heirs filed their notice of appeal from the judgment on the pleadings on July 23, 2018.

## II. *Arguments on Appeal*

Although the Lucas heirs argue six points,[6] we find that two points are dispositive—(1) whether service of process was waived by the responding party, Washington County; and (2) whether the Broderick heirs should have been allowed to intervene. We answer both questions in the affirmative. Because we reverse on the service issue, it is unnecessary to discuss the remaining points.

---

[6]On appeal, the Lucas heirs argue that (1) the Broderick heirs did not have standing to challenge service; (2) service of process was waived by the responding party, Washington County; (3) the circuit court improperly reversed its decision twice, and the initial ruling on the first motion to reconsider governs; (4) the circuit court had subject-matter jurisdiction; (5) the Broderick heirs should not have been allowed to intervene; and (6) the Broderick heirs received more than their per stirpes share of the estate.

6

III. *Standard of Review*

In cases where the appellant claims the circuit court erred in granting a motion to dismiss, the appellate court reviews the circuit court's ruling de novo. *Holliman v. Johnson*, 2012 Ark. App. 354, 417 S.W.3d 222. Whether the circuit court correctly interpreted an Arkansas statute is a question of law that the appellate court reviews de novo. *Id*. This court gives the circuit court's ruling no deference on appeal. *Tucker v. Sullivant*, 2010 Ark. 170, 370 S.W.3d 812. The first rule in considering the meaning and effect of a statute is to construe it just as it reads giving the words their ordinary and usually accepted meaning in common language. *Holliman*, *supra*. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id*.

IV. *Discussion*

A. Motion to Dismiss Appeal

We start with the discussion of the Broderick heirs' motion to dismiss the appeal. In their motion, they argue this appeal should be dismissed because the record was not filed with our clerk within ninety days of the first notice of appeal, and in their second notice of appeal, the Lucas heirs designated a nonexistent order as the order appealed from. We deny the motion.

1. *Filing the record*

A procedural timeline will help explain the first argument.

1. On January 23, 2018, the Lucas heirs' claims were first dismissed with prejudice.

2. The Lucas heirs filed a notice of appeal from that order on January 24.

3. The Lucas heirs filed a motion for reconsideration on February 6, 2018, arguing that if dismissal was warranted, it should be without prejudice.

4. On March 7, 2018, the circuit court granted the motion to reconsider and dismissed the Lucas heirs' claims without prejudice vacating its January 23 order.

5. On April 25, 2018, the circuit court again reconsidered the dismissal without prejudice and dismissed the Lucas heirs' claims with prejudice.

6. The Lucas heirs filed a second notice of appeal on April 27, 2018.

7. The record was filed with our clerk on July 26, 2017.

Rule 5(a) of the Arkansas Rules of Appellate Procedure–Civil provides, in pertinent part, that "[t]he record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal[.]" The reference to the "first" notice of appeal "removes any possible doubt when both parties file notices of appeal or when one party files notices of appeal from different orders." *Street v. Kurzinski*, 290 Ark. 155, 157, 717 S.W.2d 798, 799 (1986); *see also Conlee v. Conlee*, 366 Ark. 342, 235 S.W.3d 515 (2006); *Larry v. Grady Sch. Dist.*, 362 Ark. 65, 207 S.W.3d 451 (2005). However, a notice of appeal from a nonappealable order is a nullity and is disregarded in calculating the date on which the record must be filed. *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 360 Ark. 521, 202 S.W.3d 525 (2005).

Here, the first notice of appeal from the January 2018 order is disregarded because the circuit court granted the Lucas heirs' motion for reconsideration, vacated the January 2018 order of dismissal, and made the dismissal without prejudice to allow the Lucas heirs to take advantage of the savings statute. Because the order of dismissal with prejudice was vacated, it no longer existed, and the Lucas heirs could not appeal from that order. This made the notice of appeal from that order a nullity. *Servewell, supra.* The Broderick heirs filed their own motion for reconsideration, asking the circuit court to again make the dismissal with prejudice. The court granted the Broderick heirs' motion and dismissed the Lucas heirs' claims with prejudice. After the second dismissal, the Lucas heirs filed a timely notice of appeal on April 27, 2018.

8

Ninety days after the April 27 notice of appeal was July 26, 2018. That is the date the record was timely filed.

## 2. *Designation of the order appealed*

Next, the Broderick heirs argue that the Lucas heirs' April 27 notice of appeal was defective because the notice designated the orders appealed from as the order granting the motion to dismiss entered on January 23 and the order granting reconsideration entered on "April 2, 2018." No order was entered on April 2, 2018.

Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal shall "designate the judgment, decree, order or part thereof appealed from." Ark. R. App. P.–Civ. 3(e)(ii). While the filing of a notice of appeal is jurisdictional, our supreme court has required only substantial compliance with the procedural steps set forth in Rule 3(e). *Emis v. Emis*, 2017 Ark. 52, at 3, 508 S.W.3d 886, 887–88; *Mann v. Pierce*, 2016 Ark. 418, at 4, 505 S.W.3d 150, 153; *Jewell v. Moser*, 2012 Ark. 267 (citing cases). The supreme court has held that a notice of appeal that fails to designate the judgment or order appealed from as required under Rule 3(e) is deficient, but such a defect is not necessarily fatal to the notice of appeal where it is clear which order the appellant is appealing, and the notice of appeal was filed timely as to that order. *Emis, supra*.

A notice of appeal's reference to an incorrect date on an order has been held not fatal. *See Duncan v. Duncan*, 2009 Ark. 565, at 3–4; *Pro-Comp Mgmt., Inc. v. R.K. Enters., LLC*, 372 Ark. 190, 272 S.W.3d 91 (2008); *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Sudrick*, 49 Ark. App. 84, 896 S.W.2d 452 (1995). Here, there was only one order entered in April 2018—the April 25 order granting the Broderick heirs' motion for reconsideration and dismissing the Lucas heirs' petition. Because the Lucas heirs' notice of appeal was timely as to that order and because

9

there was no prejudice to the Broderick heirs from the failure to reference the correct date of that order, we hold that the notice substantially complies with Rule 3(e) and is therefore not fatal to appellate jurisdiction.

## B. Merits

### 1. *Arkansas's escheat statutes*

First, some background. Under our escheat statutes, escheat occurs and title vests in the county where the intestate decedent resided immediately upon the death of the decedent instead of when the probate court enters its order finding the estate must escheat. Ark. Code Ann. §§ 28-13-102, 28-9-214 (Repl. 2012); *Newton Cty. v. West*, 293 Ark. 461, 462, 739 S.W.2d 141, 142 (1987). Arkansas Code Annotated section 28-13-110 establishes a procedure by which claimants who were not parties to the earlier proceedings, where title was judicially established to be in the county where the decedent resided, may still divest the county of its interest if they are successful in establishing their claims to the property. Ark. Code Ann. § 28-13-110(a)(2); *West*, 293 Ark. at 466, 739 S.W.2d at 143–44. Under section 28-13-110(a)(2), the heirs must timely file their petition with proof showing their kinship to the decedent. The time limit within which they may do so is measured in terms of "seven years after the death of the intestate." Ark. Code Ann. § 28-13-110(a)(1)(A); *West*, *supra*. Section 28-13-110(c) is clear: "All persons who fail to appear and file their petitions within the time limited shall be forever barred, except the usual saving to infants."

### 2. *Proper service of the petition*

The decedent died on July 20, 2010. Under section 28-13-110(c), the decedent's cousins had seven years from his death to file their petitions seeking to reclaim his estate. The Lucas heirs filed their petition on July 3, 2017. Despite this seemingly timely filing, the Broderick

heirs argue that the Lucas heirs' claims were untimely because they failed to serve their petition on the prosecuting attorney as required by section 28-13-110(a)(1)(B).

According to the Broderick heirs, the failure to do so is fatal because without service on the prosecuting attorney, the circuit court never acquired jurisdiction over the Lucas heirs' claims. The Lucas heirs acknowledged in the court below that they never attempted service on the prosecuting attorney. Nevertheless, they argue that they timely filed their petition and complied with the statute because the county attorney for Washington County accepted service of their petition. The Lucas heirs rely on Arkansas Code Annotated section 16-21-114 (Repl. 1999), which provides in relevant part as follows:

**16-21-114. County attorneys.**

(a) A county civil attorney or county attorney may be selected pursuant to ordinance of the quorum court for each county in the state.

(b) The county attorney shall commence and prosecute or defend all civil actions in which his county is concerned.

. . . .

(d) *All civil duties provided by the laws of the State of Arkansas* or the ordinances of the several counties *to be performed by the prosecuting attorney shall be performed by the county attorney* in those counties which have established the office of civil attorney.

Ark. Code Ann. § 16-21-114(a), (b), (d) (Repl. 1999) (emphasis added). The Broderick heirs dismiss the reliance on section 16-21-114 in part based on their argument that section 28-13-110 must be strictly construed and in part because section 16-21-114 is not part of the probate code. We disagree.

The correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Garrett v. Progressive Eldercare Servs.–Saline, Inc.*, 2019 Ark. App. 201, at 4, 575 S.W.3d 426, 429–30. It is for this court to decide what a statute means, and

11

we are not bound by the circuit court's interpretation. *Id*. The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id*. Moreover, statutes relating to the same subject should be read in a harmonious manner if possible. *Id*. In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id*. Finally, we seek to reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id*.

The Broderick heirs cite no relevant authority to support their argument that section 28-13-110 must be strictly construed. Instead, they argue by analogy from cases construing our wrongful-death statute. More important, their argument would render section 16-21-114(d) meaningless in the context of seeking to reclaim an escheated estate. That section is part of the comprehensive code title specifying the duties of the prosecuting attorneys in this state. Section 114 also recognizes that not every county may have appointed a county attorney, in which case section 28-13-110(a)(1)(B)'s requirement for service on the prosecuting attorney would be proper. Thus, sections 16-21-114(d) and 28-13-110(a)(1)(B) can be read together to provide that service of a petition to reclaim an escheated estate on the county attorney is proper in those counties that have appointed one.

The Broderick heirs further argue that the Lucas heirs never attempted service on the prosecutor within the 120 days as required by Arkansas Rule of Civil Procedure 4(i). However, they ignore two crucial facts: first, that service of process can be waived by the defendant and, second, that the objectives of service have been met in this case because Washington County filed answers to the various petitions, including their own, albeit through the county attorney instead of the prosecutor.

Arkansas law is long settled that any action on the part of a defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to an appearance that waives service of the summons. *Trelfa v. Simmons First Bank*, 98 Ark. App. 287, 291–92, 254 S.W.3d 775, 779 (2007); *see also Fed. Land Bank of St. Louis v. Gladish*, 176 Ark. 267, 272, 2 S.W.2d 696, 697 (1928) (where our supreme court said: "A court acquires jurisdiction . . . when the defendant voluntarily appears in any case and, without objection, proceeds, [and] the court thereby acquires jurisdiction over his person whether any summons was issued or served or not.").

Here, service of process on Washington County was necessary because the county was the party holding the escheated funds. Brian Lester, the county attorney, agreed to accept service of the Lucas heirs' petition and filed an answer to that petition on August 7, 2017, well within 120 days of the petition being filed. That answer did not object to jurisdiction or reserve the right to later object to the court's jurisdiction. This serves to distinguish the present cases from *Farm Bureau Mutual Insurance Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993), and *Cagle v. Terwilliger*, 2015 Ark. App. 191, 458 S.W.3d 770, cited by the Broderick heirs, in which the defendants specifically reserved their objections to jurisdiction.

The Lucas heirs substantially complied with section 28-13-110 when they timely filed their petition and had the county attorney accept service. Thus, the circuit court erred when it dismissed the Lucas heirs' petition with prejudice. We reverse the order of dismissal and remand for further proceedings.

### 3. *Intervention*

The other point we address is the Lucas heirs' argument that the circuit court erred in allowing the Broderick heirs to intervene in their case. They assert that the Broderick heirs did

not have an interest in the subject of the litigation, which the Lucas heirs narrowly define as being the 5/12ths of the decedent's estate the Lucas heirs were seeking.

Arkansas Rule of Civil Procedure 24 allows two types of intervention: permissive and as of right. An intervenor is entitled to intervention as a right when the applicant "claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Ark. R. Civ. P. 24(a). Pursuant to Rule 24(a)(2), three requirements must be met for intervention as of right: (1) the party must claim a recognized interest in the property or transaction that is the subject of the litigation; (2) the party's interest must be such that it might be impaired by disposition of the action; and (3) the party's interest is not adequately represented by existing parties. If, however, a party seeking intervention will be left with the right to pursue an independent remedy against the parties in the primary proceeding, regardless of the outcome of the pending case, then the party has no interest that needs protecting by intervention of right. *Milberg, Weiss, Bershad, Hynes & Lerach, LLP v. State*, 342 Ark. 303, 315, 28 S.W.3d 842, 850 (2000); *Billabong Prods., Inc. v. Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983); *Turner v. Farnam*, 82 Ark. App. 489, 120 S.W.3d 616 (2003).

The thrust of the Lucas heirs' argument is that because the Broderick heirs were entitled to claim their own shares of the decedent's estate, there was no need for them to intervene as a matter of right in the Lucas heirs' case. While it is true that the Broderick heirs had filed their own petitions seeking to share in the decedent's estate, the circuit court correctly allowed the Broderick heirs to intervene of right because they were claiming the entire estate, including the shares sought by the Lucas heirs. *See Pearson v. First Nat'l Bank*, 325 Ark. 127, 924 S.W.2d 460

14

(1996). It is not necessary to consider whether the circuit court's discretionary decision to allow permissive intervention was also correct.

## V. *Conclusion*

The circuit court erred in dismissing the Lucas heirs' petition seeking a portion of the decedent's estate. We reverse and remand the matter to the circuit court for adjudication of the Lucas heirs' petition on the merits.

Reversed and remanded with instructions; motion to dismiss the appeal denied.

KLAPPENBACH and BROWN, JJ., agree.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Curtis E. Hogue* and *M. Scott Hall*, for appellants.

*Howerton Law Firm*, by: *Wendy R. Howerton*, for appellees.