Cite as 2022 Ark. App. 31

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-21-92

| | | |
|---|---|---|
| ALEJANDRO YEPEZ | | **Opinion Delivered** January 26, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN |
| V. | | COUNTY CIRCUIT COURT, |
| | | FORT SMITH DISTRICT |
| | | [NO. 66FDR-10-517] |
| BEVERLY C. YEPEZ | | |
| | APPELLEE | HONORABLE SHANNON L. |
| | | BLATT, JUDGE |
| | | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This appeal concerns the construction of an alimony provision in a divorce property-settlement agreement.[1] Alejandro "Alex" Yepez appeals the October 29, 2020 order of the Sebastian County Circuit Court that required him to continue making monthly alimony payments to his ex-wife, Beverly C. Yepez.[2] We affirm.

---

[1]This is the second presentation of this appeal. In January 2021, we dismissed the first appeal due to lack of a final, appealable order. The finality issue has been resolved, so the appeal is properly before us now.

[2]Beverly challenges whether we possess appellate jurisdiction and asserts that Alex failed to recite the October 29, 2020 order in the notice of appeal as the one he is appealing. A notice of appeal shall "designate the judgment, decree, order or part thereof appealed from." Ark. R. App. P.–Civ. 3(e)(ii) (2020). The supreme court has required only substantial compliance with the procedural steps set forth in Rule 3(e) for notices of appeal. *Emis v. Emis*, 2017 Ark. 52, 508 S.W.3d 886. We dismissed Alex's first attempt to appeal for lack of finality. The circuit court entered an order establishing finality. Alex filed another notice of appeal in February 2021 in which he recited his appeal of the final order entered on February 2 and stated that he "appealed an Order entered on October 29, 2020," that had earlier been dismissed due to lack of finality. We find substantial compliance here. *See Mann v. Pierce*, 2016 Ark. 418, 505 S.W.3d 150.

In June 2010, after approximately seven years of marriage, Alex hired attorney David Charles Gean to represent him and filed a complaint for divorce. Notably, Beverly was not represented by counsel. In July 2010, the parties entered into a "Property Settlement and Separation Agreement" to divide their marital property and resolve all the issues related to their divorce. The agreement included the following provision on alimony: "Husband shall pay Wife $600.00 per month in support alimony which shall be due on the 5th of each month beginning July 5, 2010 until remarriage or death of Wife or Husband."

The agreement provided that, if approved by the circuit court, the agreement would become incorporated in and part of the divorce decree. On September 1, 2010, Alex and his attorney appeared before the circuit court; Beverly did not appear. The circuit court approved their agreement and granted Alex a divorce from Beverly in the divorce decree; both the agreement and divorce decree were filed of record on September 1, 2010.

Alex remarried in December 2019. Alex paid alimony through May 2020, but he ceased paying thereafter. This prompted Beverly to file a motion asking the court to require Alex to catch up on arrearages and to continue making alimony payments. Beverly contended that the only common-sense reading of the alimony provision meant that his alimony obligation ceased if *she* remarried or if either of them died, so Alex's remarriage did not terminate his obligation to pay her alimony. She alleged that if the court found the provision ambiguous, it should be construed against the drafter, which would be Alex and his attorney. Alex defended his position and his reading of the alimony provision, which was that at the remarriage or death of either of them, alimony would cease.

2

The matter was heard before the circuit court in October 2020. After hearing arguments of counsel, the circuit court remarked that the plain unambiguous language meant that Alex would pay alimony until Beverly remarried or until one of the parties died. The circuit court said that it did not make sense to apply the term "remarriage" to Alex because he could conceivably remarry the day after the divorce was granted to defeat the whole purpose of the alimony. Nevertheless, the circuit court allowed the parties to put the clients on the stand to make a record of their testimonies. A formal order followed and recited that alimony would continue because "the Court finds that the language clearly states that alimony only stops with the remarriage of the wife (not the wife or husband). That the portion related to death is what is being referred to as wife or husband."

A separate and independent property-settlement agreement that has been incorporated into a divorce decree leaves a circuit court without authority to modify the agreement; rather, the issue of whether alimony should be terminated requires an analysis of the contract language. *Collins v. Collins*, 2015 Ark. App. 525, 471 S.W.3d 665. Questions relating to the construction, operation, and effect of independent property-settlement agreements are governed, in general, by the rules and provisions applicable to other contracts generally. *Id*. A contract is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Id*. When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *See Klenakis v. Klenakis*, 2017 Ark. App. 36, 510 S.W.3d 821; *Chastain v. Chastain*, 2012 Ark. App. 73, 388 S.W.3d 495.

3

We hold that the circuit court erred in finding the alimony provision to be clear and unambiguous. The wording of the alimony provision, as written, demonstrates that it is susceptible to two reasonable interpretations, which renders the provision ambiguous. The term "remarriage" can reasonably be interpreted to apply equally to Alex or Beverly. If a contract is ambiguous, meaning more than one reasonable interpretation can be made from the terms of the contract, then other rules of construction apply. Ambiguities in a written contract are construed strictly against the drafter. *Emis v. Emis*, 2017 Ark. App. 372, 524 S.W.3d 444. The record is clear that Alex's attorney drafted the agreement in that Beverly was not represented by counsel below. Therefore, the agreement may be strictly construed against Alex.

Construing the alimony provision strictly against the drafter, we hold that the ultimate conclusion of the circuit court, to continue alimony to Beverly, was correct. We may affirm a circuit court when it reaches the right result for the wrong reason. *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002). We apply that legal principle here and affirm the final disposition of the circuit court's result in its order. The alimony provision does not cease at Alex's remarriage.

Affirmed.

HARRISON, C.J., and HIXSON, J., agree.

*Gean, Gean & Gean*, by: *David Charles Gean*, for appellant.

*Carrie L. Jernigan* and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.

4